SAMUEL N. COX, and LLEWELLYN A. COX, his Wife *vs.* SAMUEL FORREST.

*Obstruction to a Private right of Way—Essentials to a recovery—Adverse and Exclusive Use—Burden of proof—An uninterrupted and continuous enjoyment—Loss of the right of Way by Abandonment or discontinuance.*

In an action to recover damages for the obstruction of a private right of way claimed over the land of the defendant, it is necessary, in the absence of an express grant, for the plaintiff to prove an adverse, exclusive, and uninterrupted enjoyment of the right of way for twenty years.

The use of a way over the land of another, whenever one sees fit, and without asking leave, is an adverse use, and the burden is upon the owner of the land to show, that the use of the way was by license or contract, inconsistent with a claim of right.

By *exclusive*, the law does not mean, that the right of way must be used by one person only, but simply that the right should not depend for its enjoyment upon a similar right in others, and that the party claiming it, exercises it under some claim existing in his favor, independent of all others. It must be exclusive as against the right of the community at large.

Nor does the law mean by "*an uninterrupted and continuous enjoyment,*" that a person shall use the way every day for twenty years, but simply that he exercises the right more or less frequently, according to the nature of the use to which its enjoyment may be applied, and without objection on the part of the owner of the

land, and under such circumstances as preclude the presumption of a voluntary abandonment on the part of the person claiming it.

If the plaintiffs, and those under whom they claimed, had used the right of way for more than twenty years without the license or permission of the defendant, and such use was confined to the plaintiffs and persons living on their farm, and persons having business with them, such *a user* was *adverse* and *exclusive*, and the Court ought so to have instructed the jury, upon the request of the plaintiffs.

When the right was thus established by an adverse, exclusive, and continuous user for twenty years, it required the same length of time for one to lose it by abandonment or discontinuance.

APPEAL from the Circuit Court for Charles County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the three following prayers:

1. If the jury find from the evidence, that the plaintiffs are possessed of the farm described in the declaration as "Part of Pomfret and St. Matthews," and that they and those claiming under them, have been accustomed, for the more convenient occupation of said farm, to use and enjoy a certain way or road, as described in the declaration over the lands now claimed by the defendant to and from the public highway, or to and from a separate portion of the plaintiffs' land, openly and uninterruptedly for twenty years previous to the obstruction of said way here complained of; then, unless the defendant has proved that such use of said way was, by virtue of license or permission, from him or those under whom he claims, the jury will presume the existence of a right of way over said land in the plaintiffs; and if they further find that the defendant obstructed said way, so as to deprive the plaintiffs of the use thereof, they will find a verdict for the plaintiffs, awarding them such damages as the deprivation

of said way for the time complained of, and the inconvenience and trouble resulting therefrom, may, in the judgment of the jury, entitle them to.

2. If the jury find from the evidence, that the use of the way in question in this case, has been confined to the plaintiffs, those living on their farm and claiming under them, and persons having business with the plaintiffs, and their tenants, this will constitute such an exclusive use as if continued openly and uninterruptedly for twenty years, without permission from those owning the land over which the road passed, will warrant the jury in presuming a right of way in the plaintiffs.

3. If the jury find that the persons holding and occupying the farm described in the declaration as "Part of Pomfret and St. Matthew's," have ever at any time heretofore used a way or road over the land now claimed by the defendant, openly and uninterruptedly for a period of twenty years, either as a means of communication with the public highway, or with a portion of said farm, and that the plaintiffs all were possessed of said farm, and were so possessed at the time of the obstruction complained of, and that the defendant obstructed said way so as to deprive the plaintiffs of the use thereof, then they will find for the plaintiffs, unless they also find that such use of said way was, by express permission of the defendant, or those under whom he claims, or that said way has been abandoned or the use thereof discontinued for a continuous period of twenty years.

The Court (Ford, J.) refused said prayers, and directed the jury as follows:

"If the jury find from the evidence in the case, that the plaintiffs have used the road mentioned in the declaration for the period of twenty years, exclusively, adversely and uninterruptedly, then the plaintiffs are entitled to recover such damages as they may find from the evidence the plaintiffs have sustained by reason of the alleged obstruc-

Cox and Wife *vs.* Forrest.

tion; unless they shall further find that the said road was used by the permission of the defendant, or those under whom he claims, or that the said road was enjoyed in common with other citizens of said county."

The plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before MILLER, ALVEY, ROBINSON, and IRVING, J.

*F. M. Cox,* and *Daniel R. Magruder,* for the appellants.

The plaintiffs' first prayer stated such facts as raise a presumption of a right of way, until rebutted. The use as shown from its very nature was adverse, unless the defendant could rebut it by showing the origin of the *user* to have been by permission or otherwise than as of right. *Washburn on the Law of Easements,* 90, 91, 161; 2 *Waite's Actions and Defences,* 701; *Cooper vs. Smith,* 9 *Serg. & Rawle,* 26; *Goddard's Law of Easements,* 134; *White vs. Chapin,* 12 *Allen,* 516; *Garrett vs. Jackson,* 20 *Penna. State,* 331; *Pierce vs. Cloud,* 42 *Id.,* 102; *Holcroft vs. Heel,* 1 *Bos. & Pull.,* 400; *Pue vs. Pue,* 4 *Md. Ch. Dec.,* 386; *Wright vs. Freeman,* 5 *H. & J.,* 467; *Woolrych on Ways,* 19, 20; *Casey's Lessee vs. Inloes, et al.,* 1 *Gill,* 430, 497; *Brown & Otto vs. Werner,* 40 *Md.,* 15.

The plaintiffs' second prayer was proper to prevent the implication, that the user by persons visiting the plaintiffs, and the casual use by others could have any effect to impair the exclusive character of the plaintiffs' right.

It properly presented the point, that if the user continued openly and uninterruptedly for twenty years, without permission, the jury would be warranted in presuming a right of way. If the jury were not *bound* to presume a grant, they were certainly *authorized* to do so.

The third prayer properly presents the point, that if the right of way once existed by twenty years' user, it could only be destroyed by *abandonment* or *non-user* for a like period. *Wright vs. Freeman,* 5 *H. & J.,* 474; *Bannon vs. Angier,* 2 *Allen,* 128 ; *Jewett vs. Jewett,* 16 *Barb.,* 150 ; *Owen vs. Field,* 102 *Mass.,* 114; *Arnold vs. Stevens,* 4 *Pick.,* 106 ; *Bowen vs. Team,* 6 *Richardson,* (*S. C.,*) 298 ; *Nitzell vs. Paschall,* 3 *Rawle,* 76 ; *Browne vs. Trustees M. E. Church,* 37 *Md.,* 108 ; 2 *Waite's Actions and Defences,* 738, 740.

The instruction granted by the Court is erroneous:

It shifts the burden of proof from the defendant to the plaintiffs as to user being adverse. The facts shown by the plaintiffs made it adverse, unless rebutted.

It requires the use to be exclusive. There was no evidence that it was otherwise. No one else exercised it as of right. The use by others was casual. Others may enjoy the use, without prejudice to that of the plaintiffs. 3 *Waite's Actions and Defences,* 396 ; *Nash vs. Peden,* 1 *Spears,* (*S. C.,*) 17 *and* 22 ; *Davis vs. Brigham,* 29 *Maine,* 391; *Kent vs. Waite,* 10 *Pick.,* 138.

In *Day vs. Allender,* 22 *Md.,* 529, where there was proof of use of the way by the public at large as of right, there was reason for requiring that the plaintiff should show his use was exclusive ; but not so here, where the use by the plaintiffs is in its nature exclusive, and the use by the others only casual, and it was calculated to mislead the jury to say the use under the circumstances must be shown to be exclusive.

The instruction is contradictory in terms. It says the plaintiffs can recover if the use was adverse, *unless* it was by permission, that is, *unless it was not adverse.*

The instruction does not cover the point presented by the third prayer, to the effect that *non-user* to defeat the right of way, must be for twenty years. The plaintiffs had a right to an instruction on this point, the defendant having offered evidence of *non-user.*

The use of the way by others, is not necessarily inconsistent with the right. *Washburn on the Law of Easements*, 97–98; *Nash vs. Peden*, 1 *Spears*, 22; *Davis vs. Brigham*, 29 *Maine*, 391; *Kent vs. Waite*, 10 *Pick.*, 138; 2 *Waite's Actions and Defences*, 696.

The instruction confines the *user* to that by the plaintiffs themselves, excluding thereby the proof that the previous owners of the estate had used the way.

*D. S. Briscoe*, for the appellee.

A prescriptive right of way, such as is set up and claimed by the appellants, unless shown to be *continuous*, *exclusive* and *adverse*, cannot be sustained. *Campbell vs. Wilson*, 3 *East*, 294; *Miller vs. Garlock*, 8 *Barbour*, 153, &c.; *Gayetty vs. Bethune*, 14 *Mass.*, 49, 55; *Washburn on Easements*, 144; *Day vs. Allender*, 22 *Md.*, 511, 529.

And no prescriptive right of way can be shown when the way claimed as an easement is through unclosed lands. *Kilburn, et al. vs. Adams*, 7 *Metcalf*, 33, 39; *First Parish in Gloucester vs. Beach*, 2 *Pickering*, 60, and note.

ROBINSON, J., delivered the opinion of the Court.

This is an action to recover damages for obstructing a private right of way, claimed over the land of the appellee. In the absence of an express grant, it was necessary for the plaintiffs to prove an *adverse, exclusive, and uninterrupted enjoyment* of the right of way in question for twenty years.

By *adverse* is meant a *user*, without license or permission, for an adverse right of an easement cannot grow out of a mere permissive enjoyment, the real point of distinction being between a permissive or tolerated user, and one which is claimed as a matter of right. Where one, however, has used a right of way for twenty years unexplained, it is but fair to presume the user is under a claim of right, unless it appears to have been by permission. In other

words, the use of a way over the lands of another whenever one sees fit, and without asking leave, is an *adverse* use, and the burden is upon the owner of the land, to show that the use of the way was by license or contract inconsistent with a claim of right. *Bachelder vs. Wakefield,* 8 *Cush.,* 243; *Hall vs. McLeod,* 2 *Metcalfe, Ky.,* 98; *Garrett vs. Jackson,* 20 *Penna.,* 331; *Tickle vs. Brown,* 4 *Ad. & Ell.,* 369; *School District, &c. vs. Lynch,* 33 *Conn.,* 334; *Hammond vs. Zehner,* 23 *Barb.,* 473.

By *exclusive,* the law does not mean that the right of way must be used by one person only, because two or more persons may be entitled to the use of the same way, but simply that the right should not depend for its enjoyment upon a similar right in others, and that the party claiming it exercises it under some claim existing in his favor, independent of all others. It must be *exclusive* as against the right of the community at large.

Nor does the law mean by *"an uninterrupted and continuous enjoyment,"* that a person shall use the way every day for twenty years, but simply that he exercises the right more or less frequently, according to the nature of the use to which its enjoyment may be applied, and without objection on the part of the owner of the land, and under such circumstances as excludes the presumption of a voluntary abandonment on the part of the person claiming it.

Now in this case there is no objection to the instruction granted by the Court, but the Court ought, at the request of the plaintiffs, to have instructed the jury as to what constituted an adverse and exclusive user, within the meaning of the law. And this was the object and meaning of their second prayer. If the plaintiffs, and those under whom they claim, had used the right of way for twenty years, without the license or permission of the defendant, and such use was confined to the plaintiffs and persons living on their farm, and persons having business with them, then such *a user* was *adverse and exclusive,* and the Court ought so to have instructed the jury.

Where the right is thus established by an adverse, exclusive, and continued user for twenty years, it requires the same length of time for one to lose the right by abandonment or discontinuance. The Court erred, we think, in refusing the plaintiffs' second prayer, and the judgment must be reversed.

*Judgment reversed, and*
*new trial awarded.*

(Decided 29th March, 1883.)