CECILIE SKIVESEN, a widow, *Appellant*, vs. THOMAS JESSE BROWN and MARY E. BROWN, his wife, ERNEST A. KEMP and SARAH M. KEMP, his wife, *Appellees*.

En Banc.

Opinion filed April 4, 1931.

Petition for rehearing denied September 23, 1931.

W. F. Way, for Appellant;

Cook & Harris, and Wilson & Bogue, for Appellees.

BUFORD, C.J.—In this case the appellant sold the Browns certain real estate. The Browns executed a mortgage to the appellant to secure the payment of the balance of the purchase price. The deed was delivered to Brown. The Browns executed a mortgage to the appellees, the Kemps, on the same property. On the day on which the deed was delivered to the Browns they exhibited the deed to the Kemps and procured a loan by such exhibition and by representing that the lands embraced in the mortgage were free and clear of all encumbrances and that they had good right and lawful authority to pledge the same for security. The Skivesen mortgage was dated September 24th, 1926, and recorded March 26th, 1927. The Kemp mortgage was dated March 24th, 1927, and was recorded March 26th, 1927.

At the time when the Kemps made the loan to the Browns the mortgage made by the Browns to Mrs. Skivesen was not of record. There was of record at that time articles of agreement between Mrs. Skivesen and the Browns. That agreement came to the knowledge of the Kemps through their attorneys employed in and about that transaction. These are the pertinent facts as gathered from the stipulation between the parties which was filed in lieu of taking testimony. The purchase and sale agreement contained the following:

"And the said parties of the second part hereby covenants and agrees to pay to the said parties of the first part the sum of Eighteen Thousand ($18,000.00) Dollars, in the manner following: $4,000.00 payable on or before January 1, 1927, and the balance to be paid in

equal payments of 1-2-3 years. Party of second part have put up a $9000.00 first mortgage as security for the first payment of $4000.00, with interest at the rate of 8 per centum per annum, payable semi-annually on the whole sum remaining from time to time unpaid, and to pay all taxes and assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1926 and to keep the buildings upon said premises insured in some company satisfactory to the party of the first part in the sum not less than .......... Dollars during the term of this agreement. And in case of the failure of the said parties of the second part to make either of the payments or any part thereof, or to perform any of the covenants on their part hereby made and entered into, for the space of ........ days, this contract shall, at the option of the party of the first part, be forfeited and terminated, and the parties of the second part shall forfeit all payments made by them on this contract; and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by .......... sustained, and said party of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor. In event of any litigation said parties of the second part agree to pay all costs, including a reasonable attorney's fee.''

Mrs. Skivesen filed bill to foreclose her mortgage. Decree pro confesso was entered against the Browns. The Kemps filed answer and cross-bill. There was replication to the cross-bill. A stipulation was entered into as to an agreed statement of facts to be considered by the Court in lieu of testimony. The Court entered a decree in favor of the Kemps, from which decree Mrs. Skivesen appealed.

It appears that the decree was rendered in favor of the Kemps upon the theory of the application of that well settled rule which is that in cases where one of two innocent persons must suffer a loss and *a fortiori* in cases where one has misled the other, he who is the cause or occasion of that confidence by which the loss has been caused or occasioned ought to bear it. Williams vs. Paine, 7 Appeal cases District of Columbia, 116; Farquaharson Bros. & Co. vs. King & Co., 2 Law Reports, Kings Bench Division, 1901; Root vs. French, 26 N. Y. Common Law Reports, 13 Wendell, 570; because it appears from the stipulated facts that Mrs. Skivesen through her attorney had delivered the deed to the Browns before her mortgage was recorded and before the payments according to the terms of the agreement for deed had been complied with by the Browns and had thereby made it possible for the Browns to perpetrate the fraud attempted to have been perpetrated on the Kemps in the representation that the title to the lands was vested in the Browns, free and clear of all encumbrances.

We do not think that the Kemps, appellees here, were entitled to the benefit of the rule above stated because in their cross bill they aver that the money was loaned by them to the Browns for the purpose of paying a part or all of the purchase price of the lands and this allegation is tantamount to an admission that the Kemps knew at the time at which they received the mortgage from the Browns and at the time at which the Browns exhibited the deed to them that the land had not been paid for. Aside from this, the agreement for deed made and entered into between Mrs. Skivesen and the Browns showed upon its face that the lands were to be paid

for part in cash and a mortgage was to be taken to secure at least a part of the balance of the purchase price. The clause above quoted from the agreement was sufficient to place the Kemps on notice and on inquiry as to the true state of facts and with this evidence and notice before them they could not in equity and good conscience claim to be innocent purchasers for value.

According to the allegations of their pleadings the Kemps had notice of a purchase money lien in favor of Mrs. Skivesen. They had notice from the record above referred to that only a part payment was to be made in cash. They had notice from that record that the amount loaned by them to the Browns was not sufficient to pay the full purchase price. They had notice from that record that the time had not expired for the maturity of the agreed deferred payments.

For the reasons above stated, the decree should be reverse and the cause remanded with directions that a decree be entered not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

---

## ON REHEARING.

### Opinion filed September 23, 1931.

1. Where a stipulation of facts is entered into between the parties to an equity cause for the purpose only of standing in lieu of taking testimony, which otherwise would have been required in support of the issues made by the pleadings, and there is a conflict between the effect of admissions made in the pleadings and said stipulation of facts, such stipulation of facts will not be construed to have the effect of standing in place of and over-ruling the effect of the pleadings.

2. Where a stipulation of facts is entered into between the parties to an equity cause, but such stipulation of facts is expressly

stated to be in lieu of taking testimony, the stipulation by its terms operates as proof of the facts admitted to the extent that such admitted facts are competent as evidence received by consent under the issues made by the pleadings, but where there is a conflict between the pleadings and the evidence so received, such stipulation of facts is to be given the same effect by the court that would be given in cases where the admissions made by the pleadings and the proof afforded by the evidence are contradictory to each other.

3. A distinction exists between a case which is agreed to be *decided* by the court on an agreed statement of facts after the issues are made up, and a case where the only office served by an agreed statement of facts is that the agreed statement shall be *received* in lieu of taking testimony.

4. When a case is submitted to the court to be decided on an agreed statement of facts, all questions of the sufficiency of the pleadings, and their legal effect, are waived, the want of an answer becomes immaterial, and no findings of fact are necessary to a review.

5. The effect of omissions and admissions in the pleadings in an equity cause is not disturbed by what may be contained in a stipulation of facts which purports to be entered into only for the purpose of standing in lieu of taking testimony.

On re-hearing.

Reversal on first hearing adhered to.

PER CURIAM.—In this case a re-hearing was granted because it was asserted that the stipulation of facts contained in the record controlled in some particulars in which such stipulation was contradictory to the pleadings.

An examination of the stipulation referred to shows that such stipulation was entered into only for the purpose of stainding "in lieu of taking testimony" which would otherwise have been required in support of the issues made by the pleadings. We are unable to recognize anything in the stipulation of facts relied on which supports the contention of the appellees that where there is a conflict between the effect of admissions made in the pleadings and said statement of facts, that the state-

ment of facts is to have the effect of standing in place of and over-ruling the effect of the pleadings. Such would not be the normal effect of a stipulation made in an equity suit which was expressly limited, as the one in this case was, to standing ''in lieu of taking testimony.'' In other words, the stipulation by its terms operates as proof of the facts admitted to the extent that such admitted facts are competent as evidence received by consent under the issues made by the pleadings, but there is nothing to show that a conflict between the pleadings and the evidence so received, is not to be given the same effect by the court, that would be given in cases where the pleadings and ordinary proof were contradictory to each other.

We are unable to find anything in the record which shows that the hearing and determination in the court below was to be made upon an agreed statement of facts, such as was the case in City of South Jacksonville versus Jacksonville Traction Company, No. 5993, decided June 26, 1931, 49 Fed. (2nd) page ......, U. S. Daily August 19th, 1931, page 6.

A distinction exists between a case which is agreed to be *decided* by the Court on an agreed statement of facts after the issues are made up, and a case where the only office served by an agreed statement of facts is that the agreed statement shall be *received* ''in lieu of taking testimony.'' Undoubtedly when a case is submitted to the Court on an agreed statement of facts, all questions of the sufficiency of the pleadings, and their legal effect, are waived, the want of an answer becomes immaterial, and no findings of fact are necessary to a review, as was held in the leading case of Saltonstall vs. Russell, 152 U. S. 628, 14 Sup. Ct. 733, 38 L. Ed. 576. See also Jones

vs. Manitowoc Shipbuilding and Drydock Co., 62 Fla. 467, 62 Sou. 590. City of South Jacksonville vs. Jacksonville Traction Co. supra.

But when an agreed statement of facts is entered into, as in this case, merely as a substitute for the "taking of testimony," and the case is submitted for decision not only on such agreed statement of facts, but on the pleadings and the agreed statement of facts, the effect of omissions and admissions in the pleadings is not disturbed by what may be contained in the stipulation of facts, and the court is warranted in giving the pleadings their ordinary effect in determining the equities, notwithstanding what may be contained in the stipulation of facts filed "in lieu of taking testimony." The decree is reversed on re-hearing for the reasons stated in the first opinion filed in this case.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.