Creditor's bill by Mary M. Blackburn, joined by her husband and next friend, A.E. Blackburn, against Venice Inlet Company and others, to subject certain lands *Page 44 
to two judgments owned by plaintiff wife. From decree dismissing amended bill of complaint, the plaintiffs appeal.
Affirmed.
On July 18, 1929, two judgments were entered in the Circuit Court of Sarasota County, Florida, against B.L.E. Realty Corporation. One of the judgments was in favor of Joe Gill in the sum of $27,348.64 and the other was in favor of the Bank of Sarasota in the sum of $35,310.76. One of the judgments was assigned to the plaintiff, Mary M. Blackburn, on July 26, 1934, which assignment was recorded December 11, 1936. The other judgment was assigned to Mary M. Blackburn on May 1, 1936. Executions issued on the aforesaid judgments but nulla bona returns were made thereon by the Sheriff of Sarasota County.
On April 15, 1929, a mortgage from B.L.E. Realty Corporation to the Board of Financial Trustees of the Grand International Division of the Brotherhood of Locomotive Engineers in the sum of $50,000.00, encumbering certain described lands, was executed and filed for record and fully recorded in the office of the Clerk of the Circuit Court of Sarasota County, Florida, on April 17, 1929. On July 24, 1931, the Board of Financial Trustees of the Grand International Division of the Brotherhood of Locomotive Engineers assigned the aforesaid note and mortgage to the Miakka Estates, Inc., a Florida corporation. On January 19, 1935, the Miakka Estates, Inc., assigned and transferred the note and mortgage to Herman Myers.
In February, 1935, Herman Myers filed in the Circuit Court of Sarasota County a suit to foreclose the mortgage supra. M.A. Smith, as Liquidator of the Bank of Sarasota, and Joe Gill, judgment creditors, were each made parties defendant to the mortgage foreclosure instituted by Herman Myers. (Mrs. Mary M. Blackburn obtained an assignment of one of the judgments on July 26, 1934, but the assignment was not recorded until December 11, 1936.) Decrees pro confesso were entered against M.A. Smith, as Liquidator of the Bank of Sarasota, and Joe Gill, judgment creditors, supra, H.M. Wimmers, as Receiver for B.L.E. Realty Corporation, the B.L.E. Realty Corporation, and Venice-Nokomis Bank on the rule day in March, 1935, for failure to appear and defend the foreclosure. Service by publication was obtained on other defendants to the foreclosure.
After decrees pro confesso had been entered in the cause against the defendants, who had been personally served with process or by publication, the Chancellor then heard all the evidence offered by the plaintiff, Herman Myers, and on April 13, 1935, made and entered a final decree of foreclosure and sale of the real property described in the mortgage. The final decree appointed Frank Evans as Special Master to execute the decree and the property was sold and an order confirming the sale and the execution and delivery of a Special Master's deed to Herman Myers was entered by the Chancellor on May 8, 1935. Pending the foreclosure proceedings, Herman Myers formed the Venice Inlet Company, a Florida corporation, and took title to the property and in 1935 went into the possession thereof and made heavy expenditures in improvements of the property.
The appellants, plaintiffs below, on December 17, 1946, filed a creditor's bill in the Circuit Court of Sarasota County, Florida, against Venice Inlet Company, Herman Myers and H.M. Wimmers, as Receiver of the B.L.E. Realty Corporation, and prayed for a decree subjecting the lands described in that certain mortgage assigned and transferred on July 24, 1931 by the Board of Financial Trustees of the Brotherhood of Locomotive Engineers to the Miakka Estates, Inc., and on January 19, 1935, *Page 45 
sold and transferred by the Miakka Estates, Inc., for and in consideration of the sum of $5000.00 to Herman Myers, to the two judgments then owned by Mary M. Blackburn. It is not denied that M.A. Smith, as Liquidator of the Bank of Sarasota, and Joe Gill, former owners of the two judgments, were each made parties defendant to the foreclosure of said mortgage by Herman Myers, and the Venice Inlet Company, a Florida corporation, was organized during the time of foreclosure.
Pertinent allegations of the creditor's bill are viz.: (1) the B.L.E. Realty Corporation now owns the equitable title to said land and Venice Inlet Company is simply holding the property for the B.L.E. Realty Corporation for the purpose of shielding this asset from the plaintiffs' judgment; (2) the mortgage Herman Myers bought and foreclosed was a fake mortgage and without consideration, as the Miakka Estates, Inc., was the alter ego of B.L.E. Realty Corporation; that it attempted to assign the fake mortgage to Herman Myers, agent of the B.L.E. Realty Corporation and of the Grand International Division of the Brotherhood of Locomotive Engineers, and was a conspirator to defeat the rights of creditors; (3) that Myers, to cover up and perpetuate a fraud and a shield against the plaintiffs' judgment, caused to be created the Venice Inlet Company, and, after organization, conveyed said property to it; that the Venice Inlet Company has no interest in the property other than to perpetuate a fraud and is simply holding the property for the B.L.E. Realty Corporation; (4) Herman Myers, as agent for B.L.E. Realty Corporation, having organized the Venice Inlet Company for the purpose of creating a holding company to hold and receive the title involved in this suit and to perpetuate a fraud upon the plaintiffs as judgment creditors and to prevent the collection of the two judgments; (5) the Venice Inlet Company is operated and controlled by the agent and co-conspirator of the B.L.E. Realty Corporation and its associated companies, Herman Myers, and the title to the property is in B.L.E. Realty Corporation; (6) the discovery of the property described in this suit has been made since the last creditor's bill in Chancery Suit No. 4121 filed in the Circuit Court of Sarasota County during 1936 and the suit at bar was brought immediately after discovery of said information.
Answers were filed by the defendants and testimony in support of the issues made by the pleadings was offered by the parties and heard by the Chancellor below. The Chancellor heard oral arguments on final hearing and thereafter entered an order dismissing the amended bill of complaint. The plaintiffs appealed. Counsel for appellants have posed several questions here for adjudication, but all of them converge or center around the sufficiency of the evidence to sustain the pertinent or material allegations of the amended bill. An answer to the following question should place at rest many of the posed questions: Did the chancellor on final hearing err or abuse his discretion in holding that the plaintiffs-appellants failed to establish by competent testimony the material allegations of the amended bill of complaint and decreeing the equities of the cause to be with the defendants? Or, in another form, did the Chancellor, in consideration of the entire record, commit reversible error in dismissing the amended bill of complaint on final hearing?
Counsel for appellants contend that the mortgage from B.L.E. Realty Corporation dated April 15, 1929, to the Brotherhood of Locomotive Engineers and by the latter, on July 24, 1931, assigned to Miakka Estates, Inc., and by Miakka Estates, Inc., sold to Herman Myers for the sum of $5000.00 on January 19, 1935, was and is fraudulent and void. This contention is bottomed squarely on our ruling in Wimmers v. Blackburn, 151 Fla. 236, 9 So.2d 505. This suit was instituted in Sarasota County, Florida, during the year 1936, and decided on appeal here on July 28, 1942. It is conceded that Herman Myers and Venice Inlet Company were not parties to the suit and were admittedly in possession of the property, after obtaining a Master's deed at foreclosure, and had expended large sums of money *Page 46 
in improvements thereof. The judgment owners appearing of record, in January, 1935, were by Myers made defendants in the foreclosure suit and each suffered a decree pro confesso to be entered against them. The exact language employed by this court in the case cited to sustain this contention has not been pointed out by counsel in his brief or during oral argument at the bar of this Court. We have examined the final decree affirmed on appeal here and find no language or reasonable inference to be drawn therefrom to sustain the conclusion that the mortgage supra assigned to Herman Myers by the Miakka Estates, Inc., was fraudulent and void.
The Venice Inlet Company was formed or organized in the Spring of 1935, during the time or period of foreclosure, and was made the grantee in the Master's deed of the land described in the mortgage. This company went into the immediate possession of the property and caused to be constructed thereon, out of its own funds, some seventeen residences and a large garage; it graded or caused to be graded the entire property and beautified it by planting Australian pines, shrubs and flowers. The possession has been open, adverse and notorious since the month of May, 1935. The plaintiffs have resided, as shown by the record, within some two or three miles of the property during the entire period and had opportunities to see and observe these improvements and expenditures and remained silent until the filing of the present suit in June, 1946.
On January 30, 1946, George Gibbs, an intervenor, entered into a written contract with the Venice Inlet Company to purchase this property for the sum of $70,000.00 — when the sum of $7,000.00 was paid and a contract entered into which fixed the time for the payment of the remaining $63,000.00. Gibbs went into possession under the contract and expended further sums in repairing the buildings and otherwise improving the property at a cost of some $13,000.00. The appellants took no steps to enforce payment on the two judgments against this property for approximately eleven years and during this period Herman Myers, the Venice Inlet Company and George Gibbs acquired by purchase interest in the property.
Counsel for appellants' answer to the claims of the right of innocent third parties is: (1) that they and each of them knew, or in law were charged with notice of the rights of the appellants under the two judgments because the attorney representing Myers in the foreclosure of the Miakka Estates' mortgage knew or had knowledge of the two judgments, and for this reason Myers and those claiming under him cannot now be heard; (2) that the real estate broker through whom Myers acquired the Miakka Estates, Inc., mortgage was a receiver for the B.L.E. Realty Corporation and this fact alone was sufficient to put Myers and subsequent purchasers on notice; (3) suit was brought after appellants learned of the land described in the bill of complaint some eleven years after Myers purchased the mortgage and went into possession of the land and expended large sums of money; (4) the value of the property at the present approximates $100,000.00. In the case of Orr v. Allen-Hanford, Inc., 158 Fla. 34, 27 So.2d 823, we held that a creditor may satisfy his judgment within twenty years, but when undue delays are exercised without sufficient reasons shown therefor, equitable defenses become available that may cut off the right to satisfy the judgment.
We have not overlooked the deed from the Trustees of the Internal Improvement Fund to the Venice Inlet Company dated June 6, 1946, and recorded in the office of the Clerk of the Circuit Court of Sarasota County, and the contentions of counsel for appellants with reference thereto. It is settled law in Florida that actual possession is constructive notice to all the world, or any one having knowledge of said possession of whatever right the occupants have in the land. Such possession, when open, visible and exclusive, will put upon inquiry those acquiring any title to or a lien upon the land so occupied to ascertain the nature of the rights the occupants really have in the premises. Marion Mortgage Co. v. Grennan, 106 Fla. 913, 143 So. 761, 87 A.L.R. 1492. If a party *Page 47 
suffers another to purchase and expend money on lands under an erroneous opinion of the title without making known his claims, he shall not afterwards be permitted to exercise his legal rights against such purchaser. Coram v. Palmer, 63 Fla. 116, 58 So. 721; Skivesen v. Brown, 101 Fla. 1385, 133 So. 564, 136 So. 678; Florida Land Holding Corp. v. McMillen, 135 Fla. 431,186 So. 188.
We fail to find error in the record.
Affirmed.
THOMAS, C.J., and TERRELL and SEBRING, JJ., concur.