FURMAN E. HENDRIX, INC. *v.* HANNA, ET UX.

[No. 281, September Term, 1967.]

*Decided July 2, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Johnson Bowie* for appellant.

*Lawrence E. Ensor* for appellees.

BARNES, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Baltimore County (Proctor, J.) declaring that the appellees, Benjamin Franklin Hanna and Betty Evelyn Hanna, his wife, have acquired by prescription a right-of-way adjoining their southeast property line extending from the White Hall Road to the driveway leading to the appellees' garage, that the appellant, Furman E. Hendrix, Inc., pay the appellees $782 as damages for interference with the right-of-way, and that the appellant be enjoined from interfering with the appellees' use of the right-of-way.

The Chancellor found that for many years, at least as far back as 1919, the lane which ran from the White Hall Road, along the easterly side of appellees' property, in a southerly direction back into the property of the appellant had been used by the appellees and the appellant, or their predecessors in title, jointly. The lane started out as a dirt road, was improved by the addition of stone from time to time, the stone having been put on the road by both the appellees and the appellant. The road was tarred and chipped in the 1940's by Baltimore County, the appellant paying for the work. The road was used to get household supplies, fuel and gas to the appellees' premises. It was used by members of the appellees' family and by customers of the appellees' flower operation that was conducted on their premises. The appellant or its predecessors in title used the road as an entrance to its farm and as a roadway for tank trucks hauling molasses from storage tanks located on the appellant's land beyond the appellees' premises.

It is not disputed that in order to establish an easement by prescription it is only necessary to prove an adverse, exclusive and uninterrupted use of the way for twenty years. See *Shuggars v. Brake,* 248 Md. 38, 234 A. 2d 752 (1967) ; *Clayton v. Jensen,* 240 Md. 337, 214 A. 2d 154 (1965) ; *Cox v. Forrest,* 60 Md. 74 (1883). The appellant contends, however, that (1) the well established rule that where a person has used a right-of-way for twenty years unexplained it is presumed that the use has been under a claim of right or adverse, unless it appears to have been by permission (see *Shuggars v. Brake, supra,* and cases cited therein), does not apply where the way in question is shown to have been opened or maintained by the owner of the soil for his own benefit and the claimant's use of it appears to have been merely in common with him, and (2) the use of the way was not exclusive in this case.

We need not pass upon the legal theory of the appellant's first contention as we are of the opinion that the Chancellor, although using the presumption of adversity, *also found on the facts* that the appellees' use was adverse. The Chancellor, in his opinion, noted that there was no evidence of a grant of permission and that one of the defendants below, Furman Hendrix (Mr. Hendrix is the sole stockholder of Furman E. Hendrix, Inc., the appellant here), thought that the appellees had obtained an easement as evidenced by his letter to the appellees referring to their "legal right of way" and by the positioning of a chain across the road so as not to interfere with the use by the appellees. It is clear to us that the Chancellor would not have made these findings if he were merely relying on a presumption of adverse use after a showing of an unexplained continuous use for twenty years. There was no argument before us that the finding of adverse use by the Chancellor is clearly erroneous and such an argument, if made, would not have prevailed.

The appellant's contention that the appellees' use was not exclusive because of the roadway's use by those supplying fuel and supplies to the appellees' home and business, by members of the appellees' family, and by customers of the appellees' flower business is erroneous. This Court said in *Cox v. Forrest, supra:*

446

> "By *exclusive*, the law does not mean that the right of way must be used by one person only, because two or more persons may be entitled to the use of the same way, but simply that the right should not depend for its enjoyment upon a similar right in others, and that the party claiming it exercises it under some claim existing in his favor, independent of all others. It must be *exclusive* as against the right of the community at large." (Emphasis in original). (60 Md. at page 80).

The law is the same today. *Shuggars v. Brake, supra.* The use by the appellees' family, suppliers and customers was a use dependent on the appellees' right and not a use by the community or public at large. See *Cox v. Forrest, supra* (60 Md. at page 80), where the Court notes that, under the facts of that case, a use was exclusive if the use "was confined to the plaintiffs and persons living on their farm and persons having business with them, * * *."

*Decree affirmed, the costs to be paid by the appellant.*