LILES, Chief Judge.
This appeal is from a final judgment entered pursuant to motions for summary judgment filed by both appellant-Abstract Company and appellee-insurance Company. Appellant, the plaintiff below, initiated this suit to seek declaratory relief relative to a policy of insurance.
On June 4, 1965, Oliver Mosely purchased a certain parcel of property in Pinellas County. Appellant, as agent for Louisville Title Insurance Co., caused a title insurance policy to be issued on that property to the purchaser.
From a time prior to June 1965, the St. Petersburg Water Co. owned a water transmission pipe line beneath the surface of certain land in Pinellas County, including that acquired by Mosely. The right to control this segment of property was incorporated in an easement to the Water Company recorded before Mosely’s purchase. The pipe line was not visible from ground level, nor was its presence otherwise indicated except by the recorded easement.
The title insurance policy issued to Mosely failed to specifically except the easement, but did contain a provision excepting “the rights or claims of parties other than the insured in actual possession of any or all of the property.” Mosely discovered the pipe line easement and filed a claim against Louisville Title Insurance Co. for the difference between the value of the land without the easement and with the easement. Louisville Title, seeking reimbursement in the event it were to be held liable, made a claim against appellant for its negligence in failing to except the recorded easement.
At all pertinent times, appellant Abstract Company was insured by appellee, St. Paul Fire and Marine Insurance Co., under an “errors and omissions policy.” The Abstract Company apprised appellee of the above related facts, and demanded that it defend it against Louisville Title’s claim pursuant to the errors and omissions policy. St. Paul Insurance Co., however, refused to defend on the ground that the exclusion provision excepting the rights of parties in actual possession applied to the Water Company. Appellee claimed, therefore, that Louisville Title was not liable to Mosely and that appellant was not liable to Louisville Title.
All parties agreed that $8,450 was the extent of damage suffered as a result of the easement, and Louisville Title paid that amount to Mosely. Appellant then brought suit for declaratory relief and contended that the words “actual possession” in the exclusion clause contemplated open and obvious possession, thus rendering Louisville Title liable to Mosely and appellant liable for its negligence to Louisville Title. After both parties moved for summary judgment *257 in the lower court, the trial judge granted appellee’s motion and denied appellant’s. This appeal ensued.
Under RCP 1.510(c), 31 F.S.A., a summary judgment is properly awarded where it is shown that “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We hold that appellee in the case before us was clearly not entitled to a judgment as a matter of law and, therefore, reverse.
The fundamental issue to be decided is whether the words “actual possession” in an exclusion clause of a title insurance policy contemplate a pipe line buried under authority of a recorded easement. This issue can be resolved only by examining the intent of the parties to such a policy.
The rationale for including an actual possession exclusion in a title insurance policy stems from the fact that possession of the land is notice of an interest in it. Blackburn v. Venice Inlet Co., Fla.1948, 38 So.2d 43. When a person, who does not appear in the chain of title, is found in possession of property it may indicate, for example, that he is making claim to the property by adverse possession, or that he is claiming under an unrecorded deed. A title examiner, however, seldom visits the land the title to which he is concerned with. J. McBrayer, Examination of Florida Titles § 275 (1958). Thus, both to protect themselves and to put their client on notice of this state of affairs, title examiners and title insurance companies generally exclude from their title opinions and policies claims of parties in actual possession of the land insured.
Did the parties intend to include buried pipe lines within the actual possession exclusion? We think not. It is well settled that in order for actual possession to place those acquiring title to the subject property on inquiry, such possession must be open, visible, and exclusive. Blackburn v. Venice Inlet Co., supra; Carolina Portland Cement Co. v. Roper, 1914, 68 Fla. 299, 67 So. 115; United Contractors, Inc. v. United Construction Corp., Fla.App.1966, 187 So.2d 695. In the present case the water pipe line was buried beneath the ground and there were no surface indications of its existence. The possession was not, therefore, “visible.” Consequently there was no “actual possession,” within the legal meaning of that term as used in the appellant’s contract insuring Mosely’s title.
In the case of Shaver v. National Title and Abstract Co., Tex.1962, 361 S.W.2d 867, 98 A.L.R.2d 531, the Texas Supreme Court reached an identical conclusion. There an insured brought suit against a title insuror for damages resulting from a breach of contract to guarantee a good and indefeasible title. An exception to the title policy excluded the rights of parties in possession. At all pertinent times a gas company had a pipe line buried beneath the insured’s property, pursuant to a recorded easement. The title insuror failure to specifically except this easement, but claimed as in the present case that the gas company was a party in possession. Again, as in the present case, there were no surface indications of the pipe line’s existence. The court, holding for the insured, said that the gas company was not a party in possession within the meaning of the policy since there was an absence of physical evidence of the pipe line. See also, San Jacinto Title Guaranty Co. v. Lemmon, Tex.Ct.Civ.App.1967, 417 S.W.2d 429.
Appellee’s suggestion that we resort to simple dictionary definitions of the individual words “actual” and “possession” to resolve this case is not impressive. The phrase “actual possession” is a term of art with a precise legal meaning, and must be examined in that light. We think there can be no doubt that the Water Company in the case before us was not a party in actual possession as contemplated by the title insurance policy. In view of this holding, it is clear that appellee, St. Paul Fire and Marine Insurance Company, is liable to the appellant *258 under the errors and omissions policy, and that the summary judgment was erroneously awarded by the lower court. We therefore reverse.
PIERCE and MANN, JJ-, concur.