429 So.2d 1267 (1983)
Nathan O. PARKER and Joyce T. Parker, Appellants,
v.
TITLE & TRUST COMPANY OF FLORIDA, a Florida Corporation, Appellee.
No. AN-158.
District Court of Appeal of Florida, First District.
March 31, 1983.
Rehearing Denied May 4, 1983.
*1268 James E. Cobb, Jack W. Shaw, Jr., and Dennis R. Schutt, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellants.
Delbridge L. Gibbs, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
SHIVERS, Judge.
This is an appeal from a partial summary judgment in favor of appellee. We reverse.
The Parkers, with the assistance of a stock broker, made a 90 day loan in the amount of $200,000 to a California corporation entitled EAC, Inc. (EAC). In return, EAC was to repay the Parkers $305,000. As security for the loan, the Parkers took a mortgage on a parcel of property which was purportedly owned by EAC. Situated on the property was a building which housed a corporation known as Southeastern Aluminum Products, Inc. (Southeastern). The broker who arranged the loan represented to the Parkers that EAC owned 51% of Southeastern and that the purpose of the loan was to allow EAC to purchase the remaining 49% of Southeastern. Prior to completing the loan transaction, the Parkers obtained from appellee a commitment for title insurance in which appellee guaranteed that the title to the secured property was vested in EAC in fee simple. The title insurance commitment was apparently based on a warranty deed recorded on May 19, 1980, which purportedly conveyed the secured property from Southeastern to EAC. After the Parkers received the title insurance commitment from appellee, they completed the loan transaction and disbursed $174,974.00 of the loan proceeds. Thereafter, it became apparent that the recorded deed which purportedly conveyed the secured property from Southeastern to EAC was fraudulent. Southeastern then filed a quiet title action against EAC and the Parkers in which appellee declined to defend the Parkers' interest in the secured property. As a result of the quiet title action, both the forged deed from Southeastern to EAC, as well as the mortgage from EAC to the Parkers, were declared null and void. Thereafter, the Parkers filed a two count complaint alleging that appellee was liable to them for damages resulting from the breach of appellee's commitment to insure the Parkers' mortgage lien on the secured property. In addition, the Parkers sought damages based on appellee's failure to issue a title insurance policy pursuant to the terms and conditions of the title insurance commitment as well as for appellee's failure to defend the Parkers in the quiet title action. The title insurance commitment contained a "possession exception" which excluded all "[r]ights or claims of parties in possession not shown by the public records." The trial court found that Southeastern was in open possession of the secured property and that the Parkers never made inspection of the secured property. Based on these findings, the trial court held, as a matter of law, that the claim by Southeastern constituted a right or claim by a person in possession not shown by the public records which, by virtue of the "possession exception," was not covered by the title insurance commitment. On this basis, the trial court returned a partial summary judgment in favor of appellee as to count 1 of the complaint, which alleged that appellee was liable in damages for the breach of the title insurance commitment.
On appeal, the Parkers contend that the trial court erred in finding, as a matter of law, that the Parker's loss resulting from the recorded forged deed was excluded from coverage under the title insurance commitment. We agree. The possession exception clause of the title insurance commitment specifically excludes from liability all "[r]ights or claims of parties in possession not shown by the public records." (emphasis *1269 added). In Guarantee Abstract & T. Ins. Co. v. St. Paul F. & M.I. Co., 216 So.2d 255 (Fla. 2nd DCA 1968), the Second District Court of Appeal explained the rationale for including an actual possession exclusion in a title insurance policy by stating that it:
stems from the fact that possession of land is notice of an interest in it. Blackburn v. Venice Inlet Co., Fla. 1948, 38 So.2d 43. When a person, who does not appear in the chain of title, is found in possession of property it may indicate, for example, that he is making claim to property by adverse possession, or that he is claiming under an unrecorded deed. A title examiner, however, seldom visits the land the title to which he is concerned with. J. McBrayer, Examination of Florida Titles, § 275 (1958). Thus, both to protect themselves and to put their client on notice of the state of affairs, title examiners and title insurance companies generally exclude from their title opinions and policies claims of parties in actual possession of the land insured. (emphasis added).
In view of the clear and unambiguous language of the possession exception contained in the title insurance commitment, as well as the rationale for including such an exclusion in a title insurance policy, we believe that the possession exception clause in this case excludes from coverage only those rights or claims by a party in possession who is not within the chain of title or whose claim is not based on a recorded deed. Here, it seems patent that Southeastern is a party within the chain of title because their claim is based on a recorded deed. Since Southeastern's claim is shown by the public record, the claim does not fall within the possession exception of the title insurance commitment. Moreover, since the title insurance commitment specifically covers defects "first appearing in public records," we find that, as a matter of law, the forged deed which purportedly conveyed the secured property from Southeastern to EAC constitutes a defect in title which is covered under the title insurance commitment. For these reasons, we reverse the partial summary judgment in favor of appellee and render a partial summary judgment in favor of the Parkers.
WENTWORTH and JOANOS, JJ., concur.