PER CURIAM.
We reverse the order under review which granted appellee’s motion to strike a “Notice of Taking Deposition Duces Tecum in Aid of Deposition.” The appellee has conceded in this court that the 1977 “Order Granting Attorney’s Fees,” which required him to pay to his wife’s counsel a sum certain within twenty days, is, in effect, a final judgment despite its denomination as an order. See Travelers Indemnity Company v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981). Given that appropriate concession, we find no basis in the record for the trial court’s refusal to allow the judgment creditor, pursuant to Florida Rule of Civil Procedure 1.560, to obtain discovery from the judgment debtor in aid of the judgment.[1] Assuming, arguendo, that laches may be interposed as a defense to the creditor’s belated effort to satisfy the judgment, see, e.g., Blackburn v. Venice Inlet Co., 38 So.2d 43 (Fla.1948), that defense must be first pleaded and then proved by clear and convincing evidence showing that the delay in attempting to collect the judgment has prejudiced or disadvantaged the appellee. No such showing was made here.
Reversed and remanded for further consistent proceedings.
JORGENSON, J., dissents.

. Rule 1.560 provides:
“In aid of a judgment, decree or execution the judgment creditor or his successor in interest, when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.” (emphasis supplied).