642 A.2d 285

**CHEVERLY TERRACE PARTNERSHIP**

v.

**TICOR TITLE INSURANCE COMPANY.**

No. 1390, Sept. Term, 1993.

Court of Special Appeals of Maryland.

June 7, 1994.

Sandy David Baron (Leonard R. Goldstein, Russel L. Beers and Goldstein and Baron, Chartered, on the brief), College Park, for appellant.

Thomas A. McManus (Sasscer, Clagett & Bucher, on the brief), Upper Marlboro, for appellee.

Argued before MOYLAN, ALPERT and CATHELL, JJ.

ALPERT, Judge.

Appellant, Cheverly Terrace Partnership ("Cheverly"), appeals from an order entered in the Circuit Court for Prince George's County (Ahalt, J.), granting summary judgment in favor of appellee, Ticor Title Insurance Company ("Ticor"). Cheverly asks:

Whether the Circuit Court erred in concluding, as a matter of law, that under the terms of the April 1985 title insurance policy between the parties Ticor was not obligated to defend Cheverly in the underlying action brought by Cheverly Terrace II Limited Partnership ("Cheverly II").

We answer this question in the negative and, therefore, affirm.[1]

## Facts and Proceedings

In April 1985, Cheverly purchased property consisting of a shopping center surrounded by a parking lot in Prince George's County, Maryland. At the time of settlement, Cheverly purchased title insurance for this property from Ticor. In July 1988, Cheverly II, the owner of an apartment complex adjacent to Cheverly's shopping center, filed suit against Cheverly in the Circuit Court for Prince George's County. Cheverly II contended that its tenants used Cheverly's parking lot and, thus, it sought to establish title to a portion of the

---

1. Cheverly has filed a motion to strike Ticor's appendix to its brief. The appendix consists of three pages from a transcript of a hearing in the underlying suit between Cheverly and Cheverly II. Because this material was not made part of the record in the lower court, Cheverly's motion is granted and the appendix shall not be considered.

lot through adverse possession or, in the alternative, by an implied easement. Ticor refused to defend Cheverly in this suit, contending that the claims alleged by Cheverly II were excluded under the terms of the title insurance policy between the parties.

The circuit court granted Cheverly's motion for summary judgment in the underlying suit. In *Cheverly Terrace II v. Cheverly Terrace Partnership*, 81 Md.App. 766 (Ct. Spec.App.1990) (per curiam), we affirmed the circuit court, stating, "we fail to see how mere use of the disputed property for parking and for access to the apartment complex by unidentified tenants, without evidence that such use was by the express or implied authority of [Cheverly II], can be said to amount to possession by [Cheverly II]." (footnote omitted). Cheverly then filed the action that is the subject of this appeal, seeking compensatory damages for its legal expenses in defending the underlying suit. The circuit court granted Ticor's motion for summary judgment. This appeal followed.

## Discussion

Cheverly contends that, under its title insurance policy, Ticor was required "to defend all claims made against [Cheverly] based upon an alleged defect, lien or encumbrance, unless specifically excluded by the [p]olicy." Thus, Cheverly argues that because the facts alleged in the underlying action constituted a claim within the coverage of the policy, the circuit court erred in concluding that Ticor was not required to defend the action. We disagree.

The duty of an insurer to defend an insured under a policy provision has been principally discussed in the context of tort actions. In *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 407–08, 347 A.2d 842 (1975), the Court of Appeals stated,

The obligation of an insurer to defend its insured under a contract provision such as here involved is determined by the allegations in the tort actions. If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to defend. Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the

policy coverage, the insurer still must defend if there is a *potentiality* that the claim could be covered by the policy. (citations omitted). Additionally, under the exclusive pleading rule, "an insurer's duty to defend is determined by reference to the policy language and the allegations made in the complaint." *Eastern Shore Financial v. Donegal Mut. Ins. Co.*, 84 Md.App. 609, 620, 627, 581 A.2d 452 (1990), *cert. denied*, 322 Md. 131, 586 A.2d 13 (1991); *see also Mount Vernon Fire Ins. Co. v. Scottsdale Ins. Co.*, 99 Md.App. 545, 556–57, 638 A.2d 1196 (1994); *Cochran v. Aetna Casualty*, 99 Md.App. 350, 358, 637 A.2d 509 (1994).

■ In *St. Paul Fire & Marine Ins. Co. v. Pryseski*, 292 Md. 187, 193, 438 A.2d 282 (1981), the Court of Appeals set forth the following two-part test for determining whether a liability insurer has a duty to defend its insured in a tort action:

(1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy?

(2) do the allegations in the tort action potentially bring the tort claim within the policy's coverage?

We conclude that the reasoning behind this two-part test is equally applicable to the question of whether a title insurance company is required to defend a claim of adverse possession or implied easement. Thus, we shall consider (1) the scope of the policy's coverage and (2) whether the allegations in the underlying suit bring the claim within this coverage.

*Policy coverage*

■ Under the title insurance policy at issue in this case, Ticor insured Cheverly against:

loss or damage . . . and costs, attorneys' fees and expenses which the Company may become obligated to pay hereunder, sustained or incurred by the insured by reason of:

1. Title to the estate or interest . . . being vested otherwise than as stated [in the policy];

2. Any defect in or lien or encumbrance on such title;

3. Lack of a right of access to and from the land; or

4. Unmarketability of such title.

Under the terms of the policy, Ticor agreed to defend Cheverly in all litigation "to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy." The policy's exclusionary clause provided:

This policy does not insure against loss or damage by reason of the following:

General Exceptions:

(1) *Rights or claims of parties in possession not shown by the public records.*

(2) Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

(3) *Easements or claims of easements not shown by the public records.*

(4) Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law, and not shown by the public records.

(emphasis added). Thus, the title insurance policy clearly and unambiguously excluded from coverage "rights or claims of parties in possession" and "easements or claims of easements" when these claims were not recorded.

*The Allegations in the Underlying Suit*

In the underlying suit, Cheverly II contended, in part:

14. [Cheverly II], through its predecessors constructed a parking lot ... and is currently using the lot for parking and access for the Cheverly Terrace Apartments....

15. [Cheverly II] and its predecessors' use has been adverse, open, exclusive, and continuous for over twenty years.

16. [Cheverly II] is currently in physical possession of the western and northern part of the [parking lot].

Thus, Cheverly II alleged two legal theories supporting its claim to title, "adverse possession" or, in the alternative, "a perpetual easement by implication."

During the hearing on the motion for summary judgment in the case now before us, the circuit court asked Cheverly's counsel to address the potentiality of coverage in the underlying suit.

THE COURT: What I'm having trouble following in your analysis is, if Ticor had no obligation, had the plaintiff in the underlying action been successful to pay the result of that litigation, where does the potentiality of coverage exist that would bring it within Eastern Shore [84 Md.App. at 609]?

MR. BARON [Cheverly's counsel]: If the underlying claim was successful on their theory, there might not have been a duty to indemnify for the losses. But there still was a duty to defend the action, because there [are] two issues under the insurance policy. It's not just a duty to indemnify. It's also a duty to defend. There [are] two separate provisions.

THE COURT: But the duty—according to Eastern Shore, the duty to defend is dependent upon potentiality in terms of indemnification.

MR. BARON: Correct. But they would have had it—

THE COURT: Where is the potentiality?

MR. BARON: The potentiality is because the claim is being brought ... by a party not in possession, as being claimed usage of the property. By—

THE COURT: But if they were successful on that, the potentiality would be empty.

MR. BARON: But if they *weren't successful*, then you have the potentiality.

(emphasis added).

 In other words, Cheverly's counsel contended that because Cheverly II was unable to establish the allegations of adverse possession in its complaint, it was not a "party in possession" and its claim was, therefore, covered by Cheverly's title insurance policy. We disagree with this result-oriented approach. The duty to defend under an insurance policy is not determined by the facts ultimately proven in the underlying suit. Rather, an insurer's duty to defend is based on whether the allegations in the complaint potentially bring

the claim within the policy's coverage. *Pryseski*, 292 Md. at 193, 438 A.2d 282. Additionally, while it is true that an insurer may, in some cases, have a duty to defend even where the action against the insured is frivolous, the relevant question is whether there was a potential for coverage if Cheverly II had been *successful* in proving the allegations in its complaint. We conclude that there was not.

■ Ticor clearly excluded from coverage under the title insurance policy, "[r]ights or claims of parties in possession not shown by the public records" and "[e]asements or claims of easements not shown by the public records." We note that "[g]enerally, 'possession' within the context of title insurance policies refers to an open, visible and exclusive use." *Happy Canyon Inv. Co. v. Title Ins. Co. of Minnesota*, 38 Colo.App. 385, 560 P.2d 839, 842 (1976). The rationale for excluding claims of parties in possession from coverage in title insurance policies was expressed in *Guarantee Abstract & Title Ins. Co. v. St. Paul Fire and Marine Ins. Co.*, 216 So.2d 255, 257 (Fla. Dist. Ct.App.1968):

> When a person, who does not appear in the chain of title, is found in possession of property it may indicate, for example, that he is making claim to the property by adverse possession, or that he is claiming under an unrecorded deed. A title examiner, however, seldom visits the land the title to which he is concerned with. Thus, both to protect themselves and to put their client on notice of this state of affairs, title examiners and title insurance companies generally exclude from their title opinions and policies claims of parties in actual possession of the land insured.

(citation omitted).

In the underlying suit, Cheverly II claimed title to the disputed property by adverse possession or, in the alternative, by an implied easement for parking and access. "To establish adverse possession, a claimant must show that the possession was actual, open, notorious, exclusive and continuous or uninterrupted for the statutory period of twenty years." *Goen v. Sansbury*, 219 Md. 289, 295, 149 A.2d 17 (1959). Additionally,

"in order to establish an easement by prescription it is only necessary to prove an adverse, exclusive and uninterrupted use of the way for twenty years." *Furman E. Hendrix, Inc. v. Hanna*, 250 Md. 443, 445, 243 A.2d 600 (1968). Cheverly II alleged in its complaint that it was "in physical possession" of a portion of Cheverly's parking lot and that its use of the lot had been "adverse, open, exclusive, and continuous for over twenty years." These alleged claims of title to the property were not recorded. Thus, having examined the policy coverage and the allegations raised in the underlying suit, we conclude that Cheverly II's claims fell within the exemptions in the title insurance policy for claims of "parties in possession not shown by the public records" or "[e]asements or claims of easements not shown by the public records."

Cheverly argues that because the use of the parking lot by Cheverly II tenants was not, in fact, established as open, visible and exclusive possession of the property, the policy provision excluding "parties in possession" did not apply and, thus, Ticor was required to defend the underlying suit. In support of this argument, Cheverly refers us to the holding in *Guarantee Abstract*, 216 So.2d at 257. There, the title insurance policy at issue contained a provision excluding from coverage the rights of parties in "actual possession" of the property. The District Court of Appeal of Florida held that the words "actual possession" did not contemplate an underground water pipeline on the insured's property, where the pipeline was not visible. We note that although the pipeline in that case was buried under authority of a recorded easement, this fact seems to have played no part in the court's decision. Rather, the court stated that "in order for actual possession to place those acquiring title to the subject property on inquiry, such possession must be open, visible, and exclusive." *Id.* The facts in *Guarantee Abstract* are distinguishable from those in the case now before us. *Guarantee Abstract* did not address an insurer's duty to defend its insured in an action alleging that title to property had been acquired through open, visible, and exclusive use or possession of the property. Indeed, in that case there was no allegation that the under-

ground pipeline was visible. Here, the underlying claim alleged that Cheverly II's possession of the parking lot was open, visible, and exclusive. As we have stated, the allegations in the complaint, rather than the ultimate facts proven, determine the insurer's duty to defend.

In *Cooper v. Commonwealth Land Title Ins. Co.*, 73 Or.App. 539, 699 P.2d 1128, 1129–30, *cert. denied*, 299 Or. 583, 704 P.2d 513 (1985), the Oregon Court of Appeals provided a helpful discussion of a title insurance exclusionary clause similar to the one at issue here. In that case, the policy excluded rights or claims "which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof." *Id.* The court held that a claim alleging title by adverse possession *and* pursuant to a deed did not fall within the exclusion. The court stated, however, "The allegations concerning adverse possession would be sufficient without the language about the deed. In the absence of the language about the deed, there would be no duty to defend, because that duty only arises when there is some claim shown of record." *Id.* Similarly, under the exclusionary clause at issue in this case, there was no duty to defend because the claim alleged title through adverse possession or an implied easement and there was no allegation of any recorded claim to the property.

Additionally, we note that Cheverly's argument assumes that unless the "parties in possession" exclusion applies, Cheverly II's claim would be automatically covered under the insurance policy as some form of defect in title. Cheverly does not address, however, whether there are *any* facts alleged in the underlying complaint that would, if proven, state a claim for which Ticor would be liable. As we have held, the allegations raised in Cheverly II's suit were excluded from coverage under the title insurance policy.

In reviewing a disposition by summary judgment, we must determine whether a material factual issue exists, and in doing so, all factual inferences must be resolved against the moving party. *Rosenberg v. Helinski*, 328 Md. 664, 674, 616 A.2d 866

**616**

(1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3041, 125 L.Ed.2d 727 (1993); *see* Md. Rule 2–501(e) (1994). With this standard in mind, we conclude that Cheverly has not shown a genuine dispute as to any material fact. We conclude that because there was no potential that the claim in the underlying suit would be covered by the title insurance policy, there was no duty to defend. *See Brohawn,* 276 Md. at 408, 347 A.2d 842. Thus, the trial court properly granted summary judgment in this case.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.