FLOCKHART FOUNDRY COMPANY, RESPONDENT, v. FI-
DELITY UNION TRUST COMPANY, APPELLANT.

Submitted October 30, 1925—Decided Februaiy 1, 1926.

Under the terms of the particular contract of title guaranty here
involved, for breach of which, because of an outstanding interest
or title in a portion of the lands, existing prior to the issuance
of such guaranty, an action is brought, the measure of the loss
or damage is the value of the portion affected by said outstanding
interest or title, as of the date of a *bona fide* contract of sale of
such lands by the party guaranteed, and is not to be measured
by the value of the lands affected as of the time of making such
guaranty.

On appeal from the Supieme Court.

For the appellant, *Hood, Lafferty & Campbell.*

For the respondent, *Haines & Chanalis.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment of the
Supreme Court in an action tried at the Essex County Circuit
Court, which judgment is entered upon a verdict directed by
the trial judge in the sum of $2,457.39 in favor of the re-
spondent and against the appellant. The action was brought
to recover damages and loss upon a contract of title insurance.
The title policy is in the sum of $23,000, was issued Decem-
ber 29th, 1919, and guaranteed to respondent the title to a
tract of land in the city of Newark. On April 19th, 1923,
the respondent entered into a contract with the Briggs-Bitu-
minous Composition Company for the sale of two acres of
said lands, fronting on Wilson avenue, at the price of $8,500
per acre. Subsequently, upon an examination of the title, it
was discovered that the city of Newark had taken, by con-
demnation, prior to the date of the policy of title insurance,
twenty-five thousand eight hundred and thirteen ten thou-

sandths of an acre of the lands, the title to which had been guaranteed, for the widening of Wilson avenue.

At the trial of the cause there was no dispute as to any of the foregoing matters, nor was there any dispute as to the liability of appellant to answer in damages to the respondent under the contract of insurance, but the whole contest was there, and here is, as to the measure of the damages.

The verdict of $2,457.39, as directed by the trial court, was based upon the value of the twenty-five thousand eight hundred and thirteen ten thousandths of an acre computed at a value of $8,500 per acre as of April 19th, 1923, the date of the contract for sale from respondent to the Briggs-Bituminous Composition Company.

The appellant urges that as the shortage in quantity of land existed at the time of making and delivering the contract of insurance, the damages should be measured upon the basis of the value of the lands at that time, and raises and argues this question under four grounds—

1. A contract of title insurance is one of indemnity and by reason thereof the insured cannot make the policy an object of profit.

2. A contract of title insurance being one of indemnity it must closely resemble a covenant of seizin in a deed, and, under such a covenant, where title fails to a part of the lands, the measure of damages is the value of the lands to which title failed, with interest.

3. As the title to the land taken by the city of Newark was outstanding when the guaranty was issued the policy was broken as soon as made and the damages resulting must be determined as of the time of the breach and not as of some later date, to be established by the assured, because of his loss of an advantageous bargain.

4. There is nothing in the case to take it out of the rule of damages as established for breach of covenants of seizin.

But we think the terms of the contract of guaranty are clearly to the contrary. That instrument specifically and unequivocally provides that in consideration of the payment of the charges for insuring, the appellant, insurer, covenants to indemnify and keep harmless the respondent, the insured,

"* * * from all loss or damage not exceeding the sum of $23,000, which the said party guaranteed shall sustain by reason of defects in the title of the party guaranteed to the estate . * * * described in schedule A * * * the loss and the amount to be ascertained in the manner provided in the said conditions [referring to conditions attached to and made a part of the contract of insurance], and to be payable upon compliance by the party guaranteed with the stipulations of said conditions, and not otherwise."

Condition number one, attached to the policy, provides: "Fidelity Trust Company will, at its own cost, defend the party guaranteed in all actions of ejectment or other proceedings founded upon a claim of title or encumbrance prior in date to this guaranty and hereby guaranteed against. No claim shall arise under this guaranty * * * *VI* unless the party guaranteed shall have contracted in good faith in writing to sell the guaranteed estate or interest, and, the title has been rejected because of a defect or encumbrance not excepted in this guaranty, and notice in writing, specially stating such defect and rejection, shall have been given to the company within ten days thereafter. For thirty days after receiving this notice the company shall have the option in discharge of its liability because of such rejection, of (a) paying the loss [of which the party guaranteed must present proper proof] not exceeding the amount of the guaranty or * * *" (b) instituting and maintaining a proper action to determine the validity of the objection to the title or (c) offering to reguaranty against any such defect.

Paragraph 8 of the contract of insurance provides that the insurer shall "pay at its option (a) the loss or damage or (b) the amount of the guaranty" when its liability is definitely fixed in accordance with the terms of the policy. Paragraph 9 provides for the securing of an outstanding estate, interest or lien by the insured at the request of the insurer, "provided the same shall not cost more than the amount of this guaranty," and paragraph 10 provides that if the loss or damage, in the opinion of the insurer, approximates or exceeds the value of the estate guaranteed, it may require a valuation of the estate guaranteed by appraisers, and no right of action

shall accrue until thirty days after notice of such valuation and tender of conveyance of such appraised estate to the insurer at such valuation, and the insurer shall neither have paid such loss or damage to the amount of the guaranty or accepted such tender.

The conclusion we have reached, therefore, is, that under the terms of this contract of guaranty the respondent is entitled to recover the value of the lands against which the city of Newark held title prior to the making of such contract, based upon the value thereof at the time of making the contract for sale thereof, namely, April 19th, 1923, together with interest thereon from that date to date of judgment.

This being the basis of admeasurement of damages adopted by the trial court in directing the verdict for $2,457.39, there was no error in so doing, and the judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.    16.

*For reversal.*—None.