S. PEARSON MORRIS, PLAINTIFF, v. CHELSEA TITLE AND GUARANTY COMPANY, DEFENDANT.

Submitted October 14, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the rule, *William I. Garrison.*

Contra, *Albert C. Abbott* (*Thomas G. Siddall,* of counsel).

PER CURIAM.

This rule called upon the defendant to show cause "why the said inquisition (hereinafter referred to) should not be set aside and a new writ of inquiry issue to have the damages of the plaintiff re-assessed."

The state of the case laid before us consists only of this rule and the stipulation of the parties with a copy of the policy of insurance annexed thereto.

The stipulation is as follows:

"It is hereby stipulated by and between counsel for the respective parties hereto as follows: The complaint in this action was based on a policy of title insurance, in and by which the defendant covenanted to indemnify the plaintiff against loss or damage not to exceed $12,000, suffered by reason of defects in title to a certain second mortgage of which the plaintiff was the assignee. The complaint alleged that by decree of the Court of Chancery the mortgage had been adjudged to be invalid and ineffectual to charge the mortgaged premises. Judgment by default was entered, and a writ of inquiry issued to the sheriff of the county of Atlantic, which by order of this court was executed under the direction of John B. Slack, Esquire, a Supreme Court commissioner. Upon the execution of the said writ of inquiry, the Supreme Court commissioner, in his charge to the jury. directed the jury that if a verdict was to be found for the plaintiff, two alternative verdicts, one verdict to be based upon the damages sustained by the plaintiff as of the date of the title policy of the defendant and the other verdict as of the date of the final decree of the Court of Chancery in which it was determined that the mortgage was invalid and ineffectual, should be rendered. A rule to show cause was granted to the plaintiff to set aside the findings and the report of the commissioner, in that the Supreme Court commissioner should have charged the jury to find a verdict either of the date of the issuance of the title policy or of the date of the decree of the Court of Chancery. The said inquisition was set aside and a new writ of inquiry was issued, directed to John B. Slack, Esquire, sitting as a

Supreme Court commissioner, and this matter was again tried before a jury, and he charged the jury, in assisting them in making up their findings, in the following language: 'This is a suit brought in the Supreme Court by Mr. Morris against the Chelsea Title and Guaranty Company, upon a title policy in the sum of $12,000, and insured Mr. Morris as the owner by assignment of a certain mortgage dated May 1st, 1929, and made by Yetta Davis to Sarah Elizabeth Kandle, payable eighteen months after date, and which mortgage was declared null and void by a decree of the Court of Chancery on November 17th, 1931, * * * I, therefore, instruct you to find as the amount of damages the value of this property, according to the evidence, as of November 17th, 1931, and from this you are to subtract the amount of the first mortgage, $16,000, with interest due thereon at that time, which has been testified, as well as the taxes due at that time.' The Supreme Court commissioner refused to permit the plaintiff to introduce testimony as to the value of the property as of the date of the title policy and permitted testimony as of the date of the final decree in the Court of Chancery, and refused to permit the plaintiff to introduce testimony as to the consideration parted with by him for the assignment of the mortgage, to all of which exception was taken by the plaintiff. The jury assessed the damages of the plaintiff in the sum of $722.39. The sole question now before this court on the rule is what is the proper measure of damages in this case and as of what date should they be assessed, whether as of the date of the title policy, October 2d, 1929, or of the date of the final decree in Chancery, November 17th, 1931."

It seems apparent that the answer to that question depends *upon the terms of the policy of insurance.*

Now, looking at that we see that the policy declares that where (as here) the insurance is upon the interest of a mortgagee, "no claim shall arise under the policy unless * * * the mortgage has been adjudged, by a final determination in a court of competent jurisdiction, to be invalid, or ineffectual to charge the premises described in this policy, or

subject to a prior lien or encumbrance not excepted in this policy." It is, therefore, apparent that by the *very terms and conditions* of the plaintiff's policy no damages can be assessed against the title company until and when there has been a final determination by a court of competent jurisdiction adjudging the mortgage to be invalid or ineffectual.

Hence it seems to us that the Supreme Court commissioner did not err in instructing the jury to compute the damages as of the date on which the Court of Chancery found the mortgage to be invalid, instead as of the date when the policy was issued. That seems to be in harmony with the decision in the somewhat similar case of *Flockhart Foundry Co.* v. *Fidelity Union Trust Co.,* 102 *N. J. L.* 405; 132 *Atl. Rep.* 493, where the Court of Errors and Appeals held that: "Under the terms of the particular contract of title guaranty here involved, for breach of which, because of an outstanding interest or title in a portion of the lands, existing prior to the issuance of such guaranty, an action is brought, the measure of the loss or damage is the value of the portion affected by said outstanding interest or title as of the date of a *bona fide* contract of sale of such lands by the party guaranteed, and is not to be measured by the value of the lands affected as of the time of making such guaranty."

We think that what we have said in effect disposes of the plaintiff's argument as found in his brief.

The rule to show cause will be discharged, with costs.