**LOUIS COOK PLUMBING AND HEATING, INC., Plaintiff-Appellant,**

**v.**

**FRANK BRISCOE COMPANY, Inc., Defendant-Appellee.**

**No. 440–70.**

United States Court of Appeals, Tenth Circuit.

Aug. 5, 1971.

Rehearing Denied Sept. 9, 1971.

**1178**

Richard Lonnquist, Denver, Colo., for plaintiff-appellant.

Robert S. Treece, Denver, Colo., for defendant-appellee.

Before HILL, SETH and COFFIN,* Circuit Judges.

HILL, Circuit Judge.

Appellee Briscoe was engaged by the United States to do certain construction and alterations on the United States Post Office and Customs House in Denver, Colorado. Briscoe subcontracted the pipe laying work to appellant Cook. Basically, appellant Cook's job was to lay Ric-wil pipe in a trench dug by Briscoe between the Customs House and the Post Office. On September 1, 1966, while the project was underway, a rainstorm occurred and rain water drained into the open trench where Cook was laying Ric-wil pipe. The rain water damaged the trench, the Ric-wil pipe already in the trench, and some of appellant Cook's equipment in the trench. Repairs were made immediately, and the construction was completed.

Thereafter, Cook, as a Use-plaintiff, brought a Miller Act suit, 40 U.S.C. § 270b, in the name of the United States and against Briscoe for labor and material supplied in the performance of the subcontract. Prior to the trial of the Miller Act case, Briscoe made an offer of judgment in the amount of $45,457.-47. In addition, after trial the parties stipulated according to the trial judge that Cook was entitled to recover from Briscoe the sum of $1,876.85 which Briscoe had recovered upon an insurance policy for damages resulting from the rainstorm and flooding. The trial court also added interest and entered a total judgment of $52,794.59. In colloquy between the court and counsel at the time this judgment was entered, counsel for plaintiff asked the court to enter this judgment "without prejudice to the plaintiff to file an action in negligence or on any other theory of law, against the defendant for the balance of the claim on this damage." The trial judge replied, "No, I would not care to put that in the formal judgment. I have in essence said that in my findings, and I think it is clear, that the whole basis of the court's decision is purely the liability of the defendants under the Miller Act Bond, and nothing else."

In the instant case, appellant Cook is seeking to recover damages from Briscoe upon two theories, first, because of the negligence of the servants, agents and employees of Briscoe in failing to protect the excavation where Cook was working; second, upon an oral agreement between Cook and Briscoe whereby Briscoe agreed to compensate Cook for damages caused by the flooding of the excavation. Neither of these claims overlap or conflict with Cook's previous recovery under the Miller Act for labor and materials furnished upon the contract.

Appellee has raised affirmative defenses of res judicata, estoppel, election of remedies, and waiver founded upon the judgment in the prior suit. The trial judge who heard the Miller Act case also heard the instant case and determined that appellant's present claims are barred by the judgment in the Miller Act case. On appeal, we must exam-

---

* Of the First Circuit, sitting by designation.

ine the correctness of the trial court's holding.

The trial judge, sitting in diversity, took the view that under applicable law appellant Cook was put to an election of remedies—either to proceed in tort or upon contract. Hence, when Cook recovered his judgment in the Miller Act case, that finally concluded the controversy so as to bar Cook from a recovery on any other theories of liability. We disagree and must reverse.

■ Election of remedies is a harsh doctrine not favored in jurisprudence and not to be unduly extended. Estate Counseling Service v. Merrill Lynch, Pierce, etc., 303 F.2d 527 (10th Cir. 1962). The doctrine is bottomed on the principle that when two modes of redress are available in a given situation, but are so inconsistent that the assertion of one amounts to a negation of the other, the deliberate choice of one precludes the subsequent invocation of the other. First National Bank in Wichita v. Luther, 217 F.2d 262 (10th Cir.1955); Kuhl v. Hayes, 212 F.2d 37 (10th Cir. 1954); Holscher v. Ferry, 131 Colo. 190, 280 P.2d 655 (1955).

■ In the instant situation, the Miller Act suit was Cook's mode of redress for material and labor provided under the Miller Act bond. A reading of the trial transcript discloses that throughout the trial, the court rejected and excluded all evidence on the issue of Briscoe's negligence. It is clear to us that the issue of negligence was neither raised by the pleading nor litigated in that case. The remarks of the trial judge at the time the judgment in the Miller Act case was awarded clearly show the intention of the court. It is true, as appellee points out, that included in the final judgment in the first case was the sum of $1,876.85, which amount having been received by Cook on an insurance policy covering damage by rainstorm and flooding. This was included in the judgment by stipulation of the parties and not by a judicial determination by the court. Cook's present suit is not a different mode of redress for the same right. On the contrary, Cook presently is seeking to recover for damages stemming out of Briscoe's alleged negligence and/or for breach of a subsequent alleged agreement concerning the repair of the rainstorm damage. Accordingly, it was error to dismiss Cook's claims on the basis of an election of remedies.

■ We also conclude that the doctrine of res judicata does not bar appellant Cook's present action. The general rule of res judicata embodies the principle that a final judgment rendered on the merits constitutes a bar to a relitigation of the same cause of action. Mid-Continent Casualty Company v. Everett, 340 F.2d 65 (10th Cir.1965); Viles v. Prudential Ins. Co. of America, 124 F.2d 78 (10th Cir.1941). Perusal of the record convinces us that Cook's claims in the present suit do not restate the same cause of action litigated in the Miller Act suit. Cook's claim in the prior suit was founded on a distinct right and required different proof from the claims now asserted. Under the chief tests of a cause of action. Cook's present suit sets out a different cause of action from that litigated in the Miller Act suit and therefore is not barred by the doctrine of res judicata. See 1B, Moore's Federal Practice, ¶ 0.410 [1]. We fully recognize that even though the existence of a separate cause of action sometimes may not be dispositive of the issue of res judicata, such rule cannot apply here because Cook was actually denied the right to litigate any issue in the prior action except Miller Act questions.

The order granting summary judgment is reversed, and the case is remanded for further proceedings consistent herewith.