532 P.2d 356 (1975)
Charles R. SULLIVAN, Plaintiff-Appellee,
v.
TRANSAMERICA TITLE INSURANCE COMPANY, a California Corporation, Defendant-Appellant.
No. 74-131.
Colorado Court of Appeals, Div. I.
February 11, 1975.
Dickerson & Levine, P. C., Jack Levine, Denver, for plaintiff-appellee.
Fairfield & Woods, Patrick F. Kenney, Peter F. Breitenstein, Denver, for defendant-appellant.
Selected for Official Publication.
STERNBERG, Judge.
The principal question in this appeal is the measure of damages to be employed where a title insurer breached its contract by failing to list an encumbrance for an easement in a title insurance policy covering unimproved urban property.
Plaintiff Sullivan, acting for a group of investors, purchased approximately 164 acres of land in Jefferson County for $243,561, and on November 30, 1970, defendant Transamerica Title Insurance Company issued its policy insuring his title. The policy insured "against loss or damage not exceeding the amount of this policy... which the insured shall sustain by reason of any defect in or lien or encumbrance on the title." Two years later, plaintiff contracted to sell the property to Wood Bros. Homes, Inc., for the sum of $474,786, and received a title commitment from defendant. Neither the policy issued at the time of plaintiff's purchase, nor this new commitment, contained an exclusion for a Public Service Company easement, although such an easement was of record, and in fact, a high pressure gas main located in the easement traversed the property. Just before the real estate closing, the defendant discovered its failure to exclude the easement and issued an endorsement to the title insurance commitment containing an exclusion for the easement. Wood Bros. thereupon rejected the title and refused to purchase the property. Plaintiff *357 then filed this suit against the title insurance company and, following trial to the court, a judgment was entered in his favor for $231,225 plus interest and costs. Defendant appeals. We affirm as to liability of defendant, but reverse on the measure of damages.
Defendant urges that the trial court erred in its finding in favor of the plaintiff on the liability issue, alleging that plaintiff had actual knowledge of the encumbrance. However, since evidence was adduced which supports the court's finding that "[t]he plaintiff did not know of this encumbrance until he was so advised at the closing of the Wood Bros. sale," we cannot disturb it on review. See Harmon v. Waugh, 160 Colo. 88, 414 P.2d 119.
Defendant's contention that the court applied the improper test to measure damages is well taken. Plaintiff's claim, stated in its simplest form, was that he would have sold the property to Wood Bros. for a $231,225 profit, had it not been for the error made by the title insurance company. Since the trial court's award was based upon this approach to damages, it cannot stand. The effect of such an award is to give to plaintiff the "benefit of his bargain," while leaving him in possession of the property.
In 15 G. Couch, Cyclopedia of Insurance Law §§ 57.183 and 57.184 (2d ed. R. Anderson), the author states three different measures of damages that have been applied, as follows:
"[I]n some cases it has been held that the measure of such loss is the difference between the value of the property with the encumbrance or encroachment and its value had such encumbrance or encroachment not existed, while in other such cases the measure of loss has been held to be the amount necessary to remove the existing encumbrance or lien, and in at least one instance a distinction has been made between agricultural and urban property and it has been held that the measure of loss was the value of the urban land which was subject to easement plus indemnity for the loss of its use."
There was no evidence to support the second or third measures of loss, nor was there evidence of specific types of damages incurred by the plaintiff, such as the cost involved in moving structures. Neither are we faced with a situation where the purchaser elected to proceed under the contract, and adjust the purchase price downward because of the existence of the encumbrance. Thus, the proper measure of damages in this case is the difference between the value of the property with the easement and its value without such encumbrance. However, the trial court did not make any determination as to the specific decrease in value of the property because of the easement nor did it specifically determine the value of the property, either with the encumbrance or without the encumbrance. Hence, there is no foundation upon which to make an award, and the cause must be remanded for such findings.
The cases on the subject which apply this diminution of value rule differ as to the date of determination of value. See Annot., 60 A.L.R.2d 972. While there is authority for use of the date of discovery of the loss, Overholtzer v. Northern Counties Title Ins. Co., 116 Cal.App.2d 113, 253 P.2d 116, or the date of plaintiff's contract for sale, Flockhart Foundary Co. v. Fidelity Union Trust Co., 102 N.J.L. 405, 132 A. 493, other cases have employed the date of purchase by the plaintiff as the date for determination of the diminution in value. See Beaullieu v. Atlanta Title & Trust Co., 60 Ga.App. 400, 4 S.E.2d 78.
Present case law in Colorado is not determinative of the issue as to what date is to be employed in determining this diminution of value. In Doyle v. McBee, 161 Colo. 130, 420 P.2d 247, an easement had existed as an encumbrance to the vendor's title. The purchaser Doyle "had actual notice of the easement at the time of the transaction and closed the sale with such notice." Although Doyle refers to the date *358 of sale as the time for applying the rule, the date of sale in that case was after the date of discovery; thus, it can be categorized most closely with those decisions, such as Overholtzer, supra, which adopt the date of discovery of the defect as the date to be used in determining the diminution of value. The rationale for adoption of this date is well and convincingly stated in Overholtzer, as follows:
"It seems quite apparent to us that liability should be measured by diminution in the value of the property caused by the defect in title as of the date of the discovery of the defect, measured by the use to which the property is then being devoted. When a purchaser buys property and buys title insurance, he is buying protection against defects in title to the property. He is trying to protect himself then and for the future against loss if the title is defective. The policy necessarily looks to the future. It speaks of the future. The present policy is against loss the insured `shall sustain' by reason of a defect in title. The insured, when he purchases the policy, does not then know that the title is defective. But later, after he has improved the property, he discovers the defect. Obviously, up to the face amount of the policy, he should be reimbursed for the loss he suffered in reliance on the policy, and that includes the diminution in value of the property as it then exists, in this case with improvements. Any other rule would not give the insured the protection for which he bargained and for which he paid."
Therefore, we adopt as the proper measure of damages in this case, the difference between the value of the property with and without the easement on the date of discovery by the insured. Cf. Lawyers Title Insurance Corp. v. Frieder, 147 Colo. 44, 362 P.2d 555.
We have considered appellee's argument that the court's award is supported by evidence of value other than the proposed contract price to Wood Bros. Although appellee testified that the property was worth $1,500 per acre with the encumbrance and that that valuation, when subtracted from the Wood Bros. contract price, would show a substantial diminution in value, those figures were not included in the court's findings and that difference does not equal the amount of damages awarded; thus, such figures could not have been the basis for the court's judgment, especially in view of other figures in evidence.
The judgment is affirmed as to liability of the defendant, but is reversed as to the amount of damages awarded and remanded for further proceedings not inconsistent with this opinion.
COYTE and RULAND, JJ., concur.