560 P.2d 839 (1976)
HAPPY CANYON INVESTMENT COMPANY, a limited partnership, and John E. Cavey, Jr., Plaintiffs-Appellants and Cross-Appellees,
v.
TITLE INSURANCE COMPANY OF MINNESOTA and Land Title Guarantee Company, Defendants-Appellees and Cross-Appellants.
No. 75-475.
Colorado Court of Appeals, Div. I.
November 26, 1976.
Rehearing Denied December 23, 1976.
Certiorari Denied March 7, 1977.
*840 Hemminger & Whittaker, Gary H. Hemminger, Englewood, for plaintiffs-appellants and cross-appellees.
Towey & Zak, Edward B. Towey, Denver, for defendants-appellees and cross-appellants.
Selected for Official Publication.
COYTE, Judge.
Plaintiffs, Happy Canyon Investment Company and John Cavey, Jr., sued defendants, Title Insurance Company of Minnesota and Land Title Guarantee Company, seeking recovery under a title insurance policy issued by defendants. The trial court entered summary judgment in favor of plaintiffs on the issue of liability and, after trial on the issue of damages, awarded plaintiffs the amount of $16,444.48. We affirm the ruling as to liability and reverse and remand with respect to the matter of damages.
In 1971, Cavey entered into a contract to purchase real property, acting on behalf of *841 Happy Canyon Investment Company. Prior to completion of the purchase, a title insurance binder was obtained from defendants. After the sale, defendants issued a title policy. Both the title insurance binder and policy disclosed the existence of a power company easement traversing the subject property; the policy contained a specific exclusion regarding that easement. In addition, plaintiffs had actual knowledge of the existence of this adverse interest by their observation of power lines already constructed on the property.
In 1973, plaintiffs contracted to resell the property. During the course of this transaction, the purchaser obtained a title commitment from another title insurance company. This commitment revealed the existence of an additional power company easement across the property, which was directly adjacent to the disclosed easement. Although the court order creating the undisclosed easement had been deposited with the county clerk for recording in November 1966, and was subsequently entered into the public records, it was indexed such that its location could not be ascertained through resort to the direct and inverted indices maintained for public use. The existence of the second easement was discovered only through a privately-owned tract index compiled by purchaser's insurer.
Following this discovery, plaintiffs, in order to conclude the sale, agreed to reduce the purchase price to be paid by the prospective purchaser on a pro rata basis. Plaintiffs then demanded reimbursement for the reduction from defendants. Defendants denied liability on various grounds, and this litigation ensued.
Following complaint and answer, plaintiffs moved for summary judgment on the question of defendants' liability. The trial court granted this motion, entering various findings of law and fact treated below.

I. Appellate Jurisdiction
As a preliminary matter, we reject plaintiffs' contention that this court lacks jurisdiction to entertain defendants' appeal of the liability judgment. Their sole basis for this argument is that the defendants' notice of appeal erroneously indicated an order of the court other than that of liability as the judgment appealed from.
Plaintiffs concede that they were not misled by the erroneous designation. They admit to an awareness from the outset of defendants' intention to appeal the liability determination, which was the principal issue in litigation. Defendants' designation of record in connection with the notice of appeal made apparent their desire to appeal the adverse resolution of liability, rather than the favorable ruling on damages. Under these circumstances, any technical defect in the notice of appeal was harmless, and does not deprive this court of jurisdiction. Comtrol, Inc. v. Mountain States Telephone & Telegraph Co., 32 Colo.App. 384, 513 P.2d 1082 (1973).

II. Liability of Insurers
Defendants maintain that the issue raised by their cross-appeal, in the event of a mistake by a recording officer, is whether the person recording an instrument or the innocent purchaser of property suffers the loss caused by the officer's mistake. See 8A Thompson, Real Property § 4351 (1961). However, that issue is not pertinent to the resolution of this case. The litigation here is grounded on the provisions of an insurance contract.
The exceptions relied upon by defendants in the policy are those exempting coverage for facts which would be disclosed by a "comprehensive survey" of the premises, the exclusion of rights and claims of parties in possession, and liens and encumbrances known to the insured but not shown by the public records. The matter of record notice is relevant only with regard to specified liens and to encumbrances actually known to the insured, neither of which is applicable here. Thus we consider the other exceptions relied upon.

III. Facts shown by Comprehensive Survey and Parties in Possession
Defendants contend that the policy exclusion pertaining to a right which would *842 be disclosed by a comprehensive survey was a factual issue erroneously resolved by the trial court pursuant to plaintiffs' summary judgment motion. We disagree.
Plaintiff Cavey, who had been employed as a surveyor before becoming a real estate broker, testified that a "comprehensive survey" would reflect only visible physical improvements on the property. Plaintiff viewed the land before purchasing it and observed the existing power lines. He testified that he knew of the first easement and assumed the power lines were located on this easement. A boundary survey also failed to disclose the second easement, although it described the first.
With this evidence before it, the trial court concluded that because the two easements were directly adjacent to one another, physical inspection of the premises would not reveal the second easement. Defendants do not contend that Cavey's definition of a "comprehensive survey" is incorrect, nor do they argue that there is additional physical evidence respecting the appearance of the improvements which the trial court failed to consider. Thus, no factual dispute was presented, and when, as here, a party is entitled to prevail as a matter of law, summary judgment is proper. C.R.C.P. 56(c); Terrell v. Walter E. Heller & Co., 165 Colo. 463, 439 P.2d 989 (1968).
The foregoing analysis also disposes of defendant's argument that plaintiffs' recovery is precluded under a policy exception exempting coverage for rights and claims of parties in possession. Generally, "possession" within the context of title insurance policies refers to an open, visible and exclusive use. Guarantee Abstract & Title Insurance Co. v. St. Paul Fire & Marine Insurance Co., 216 So.2d 255 (Fla.Dist.Ct.App. 1968). As the possession was not visible, this exemption from coverage does not apply here.

IV. Parties to the Contract
Defendants' final assignment of error concerns the status of plaintiff Happy Canyon as a party to the insurance contract. Defendants assert that the policy was issued to plaintiff Cavey only and they consequently are not liable to Happy Canyon, and that this question presents a genuine issue of material fact.
Plaintiff Cavey stated in his affidavit that defendants were aware at all times pertinent that Cavey was acting as nominee for Happy Canyon and that defendants had assisted plaintiffs in perfecting title in Happy Canyon. In his deposition, Cavey testified that he informed defendant Land Title Company that the title policy was to be issued in the name of Happy Canyon and that the policy should not be issued until Happy Canyon had come into existence. Further, Cavey reiterated that defendant Land Title had physically recorded the deed transferring the property from Cavey to Happy Canyon.
Defendants produced no counter-affidavits to controvert plaintiff's testimony. Rather, they insist that certain inconsistencies in the evidence raise an issue of fact regarding Cavey's status as agent for Happy Canyon. We do not agree.
The form of the deed by which the property was conveyed to Cavey is irrelevant here, as the validity of the instrument is not disputed. See C.R.S.1963, 118-1-8. Furthermore, even if Cavey were not acting as agent on behalf of Happy Canyon, Happy Canyon can prosecute an action on its own behalf to enforce a contract made for its benefit. Gates v. Hepp, 95 Colo. 285, 35 P.2d 857 (1934). Thus, as no counter-affidavits were presented in support of defendants' contention that Cavey was not the agent of Happy Canyon or that they were unaware of his status, the trial court correctly disposed of the issue by summary judgment.

V. Measure of Damages
The remaining issue is whether the trial court applied an incorrect measure of damages in ascertaining the amount of plaintiffs' recovery under the policy. We conclude there was error in the award.
After a hearing on the question of damages, the trial court found as a fact that *843 plaintiffs, by virtue of the undisclosed easement, received $36,000 less for the property than the sale price originally agreed upon. However, the trial court concluded that the eighteen acres affected by the easement constituted a separate, independent parcel, and, pursuant to a policy clause requiring a pro rata apportionment of damages, the court awarded damages in the amount of $16,444.48. The trial court's computation was based on evidence that plaintiffs had insured the property at a rate of $900 per acre or a policy total of $900,000, the price for which plaintiffs purchased the property. Using the figure of $900, the trial court compensated plaintiffs for the value per acre of the eighteen acres of land at the time of purchase. This was error.
The rule to be utilized in determining damages recoverable by an insured resulting from a title insurer's failure to discover defects in title is "the difference between the value of the property with and without the easement on the date of discovery of the easement by the insured." Sullivan v. Transamerica Title Insurance Co., 35 Colo.App. 312, 532 P.2d 356 (1975); see also Overholtzer v. Northern Counties Title Insurance Co., 116 Cal.App.2d 113, 253 P.2d 116 (1953). Here, testimony adduced at the damages hearing shows, as a matter of law, that the property subjected to the easement was not a distinct parcel, but that the entire thousand-acre tract was an undivided unit. The trial court thus erred in failing to calculate the damage resulting from the easement in relation to the property as a whole.
The judgment against defendants on the issue of liability is affirmed. The supplemental judgment awarding plaintiffs damages is reversed and the cause is remanded for a new trial on the issue of damages.
PIERCE and RULAND, JJ., concur.