**H & K AUTOMOTIVE SUPPLY CO., d/b/a Times Square Automotive Co., a Colorado corporation, and Henry B. Kerluke, Plaintiffs-Appellants,**

v.

**MOORE & COMPANY, a Colorado corporation, Daniel J. Yacovetta, Jr., Julius Buerger, James W. Pinkard and Ellen V. Pinkard, Defendants-Appellees.**

No. 81CA0840.

Colorado Court of Appeals, Division 3.

Sept. 16, 1982.

Rehearing Denied Nov. 4, 1982.

Certiorari Denied Jan. 24, 1983.

David A. Fogel, Denver, for plaintiffs-appellants.

Rothgerber, Appel & Powers, Richard K. Clark, Denver, for defendants-appellees.

KELLY, Judge.

The plaintiffs, who were lessees of premises owned by the defendants, James W. and Ellen V. Pinkard, appeal the summary judgment entered by the trial court in favor of the Pinkards and the other defendants who were alleged to be the Pinkards' agents in procuring the lease. The plaintiffs' primary argument for reversal is that the trial court erred in concluding that

there was an election of remedies by the plaintiffs precluding recovery in this law suit. We affirm in part, reverse in part, and remand for trial.

The record reveals the following uncontroverted facts. In June 1977, the plaintiffs leased from the Pinkards certain premises in a shopping. center located in Wheat Ridge, Colorado, for a ten-year term. Approximately one month later, a fence was installed around a U.S. Post Office motor pound adjacent to the plaintiffs' business in the shopping center. The fence interfered with access to plaintiffs' business.

In November 1978, the plaintiffs filed their complaint in this action, alleging fraudulent misrepresentation and negligent nondisclosure and claiming exemplary damages. In June 1980, the plaintiffs notified the Pinkards by letter that they were terminating the lease and vacating the premises. The following month, after the plaintiffs had vacated the premises, the Pinkards notified the plaintiffs, also by letter, that they accepted the termination, and enclosed a check for the security deposit which had been received under the lease.

In November 1980, the plaintiffs amended their complaint, seeking recovery on the basis of fraudulent misrepresentation, breach of various agreements, outrageous conduct, negligent nondisclosure, breach of warranty, and constructive eviction. Again, the plaintiffs pleaded for exemplary damages. The amended complaint states that the plaintiffs had vacated the premises.

We agree with the trial court's conclusion that, as a matter of law, the defendants' actions here do not constitute outrageous conduct. See *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970).

We also agree with the trial court's entry of summary judgment on plaintiffs' claim of constructive eviction. A lessee who claims constructive eviction must abandon the premises within a reasonable time. *Radinsky v. Weaver,* 170 Colo. 169, 460 P.2d 218 (1969); *Candell v. Western Federal Savings & Loan Ass'n,* 156

Colo. 552, 400 P.2d 909 (1965). What constitutes a reasonable period of time depends upon the facts of each case. *J.C. Penney Co. v. Birrell,* 95 Colo. 59, 32 P.2d 805 (1934). The circumstances relied upon by plaintiffs as constituting constructive eviction have existed virtually since the execution of the lease in 1977. Yet the plaintiffs remained on the premises for nearly a year and a half before commencing this action, and for nearly three years before making a claim for constructive eviction. This period of time was unreasonable as a matter of law.

Plaintiffs contend that the trial court erred in determining that, since the parties had by their conduct rescinded the lease, the plaintiffs had elected rescission as their remedy and were bound by this election. We agree.

■ While the question whether there has been an election of remedies is a matter for a trial court's discretionary determination, *Enyart v. Orr,* 78 Colo. 6, 238 P. 29 (1925), the doctrine is not to be unduly extended. *Lewis Cook Plumbing & Heating, Inc. v. Frank Briscoe Co.,* 445 F.2d 1177 (10th Cir.1971). A plaintiff may be required to elect when he has asserted two claims, one for rescission and one for damages. *Doyle v. McBee,* 161 Colo. 130, 420 P.2d 247 (1966). He may affirm the contract and sue for damages for the fraud, or he may rescind the contract and sue for return of the money paid, the former being an action in tort and the latter an action on the contract. *Altergott v. Yeager,* 37 Colo. App. 23, 543 P.2d 1293 (1975). However, "the choice of remedies belongs to the one who has been defrauded, and may not be forced upon him by the wrongdoer." *Altergott, supra.* Where, as here, plaintiffs in their complaint sought only to affirm the contract and sue for damages, and did not seek the inconsistent remedy of rescission and restitution, no issue of election of remedies is raised by the complaint. *See Holscher v. Ferry,* 131 Colo. 190, 280 P.2d 655 (1955).

■ Although it is possible for a plaintiff to elect rescission by his actions during the pendency of the litigation, *Rice v. Hilty,* 38 Colo.App. 338, 559 P.2d 725 (1976), the determination whether the termination of a contract was intended to operate as a complete cancellation of all rights, both past and future, arising under the contract involves questions of fact. For example, the termination of a contract by mutual agreement does not necessarily resolve issues of damages. "[A]n agreement to rescind can be restricted by the parties any way that they see fit; and it should never prevent enforcement of any rights and duties that they did not intend to discharge." 5A *A. Corbin, Contracts* § 1237 at 546–47 (1964). Where, as here, the parties' intent concerning the effect of the termination of the lease on plaintiffs' rights is a contested issue of fact, summary judgment is inappropriate.

The trial court ruled that, since plaintiffs' damages claim was forfeited by their election of the rescission remedy, their exemplary damage prayer was baseless. Section 13–21–102, C.R.S.1973; *Wagner v. Dan Unfug Motors, Inc.,* 35 Colo.App. 102, 529 P.2d 656 (1974). Because we have reinstated the damages claim subject to a determination of the rescission issues, the exemplary damages prayer must also be reinstated. Similarly, the trial court erred in granting summary judgment as to plaintiffs' first, second, fourth, and fifth claims for fraudulent misrepresentation, breach of contract, negligent nondisclosure, and breach of warranty, respectively, since these claims are not inconsistent with a suit for fraud. *See Carpenter v. Donohoe,* 154 Colo. 78, 388 P.2d 399 (1964).

The judgment is affirmed on the issues of constructive eviction and outrageous conduct. The judgment is reversed as to the remaining issues and the cause is remanded for trial on these issues. The exemplary damages prayer is restored.

SMITH and KIRSHBAUM, JJ., concur.