**Maco STEWART, Plaintiff-Appellant,**

v.

**James R. BLANNING, Jr., Park Tunnel Mining and Milling Company, a Colorado corporation, and Aspen Western Corporation, a Colorado corporation, Defendants-Appellees.**

**No. 82CA0035.**

Colorado Court of Appeals,
Div. II.

Feb. 9, 1984.

David B. Savitz, Denver, for plaintiff-appellant.

Gary A. Wright, Aspen, for defendants-appellees.

BABCOCK, Judge.

Following a jury trial, a verdict was returned in favor of defendants, James R. Blanning, Jr., Park Tunnel Mining & Milling Company (Park Tunnel), and Aspen Western Corporation, against plaintiff, Maco Stewart, on his claim of fraud in the inducement of an agreement. On appeal, Stewart claims that the trial court erred by requiring him to elect to pursue the same remedy with respect to two agreements executed contemporaneously. We affirm in part, reverse in part, and remand with directions.

In late 1976, Blanning initiated a search for and eventually purchased the stock of Park Tunnel, a defunct corporation formerly involved in the business of silver mining. To establish color of title in the assets held in the name of Park Tunnel, he reincorporated. Thereafter, he began to develop the mine and realized that it would be necessary to obtain an investor to continue exploration and development.

On April 8, 1977, Stewart and Blanning executed two agreements relating to: 1) ownership of Park Tunnel; and 2) mining development. The first agreement provided that Stewart's children, with Stewart as representative, would purchase 40% of the stock of Park Tunnel for a total purchase price of $15,000. This stock purchase agreement also granted an option to purchase additional stock to the children. Stewart purchased his children's interest in the stock prior to trial.

The second agreement provided that Stewart would lease all the "mineral interests" owned or subsequently acquired by Park Tunnel, giving Stewart 75% working interest in the minerals produced and Park Tunnel 25%. The consideration paid for the lease, a minimum of $25,000, was to be used by Blanning for exploration and development of the mining lease.

Pursuant to the agreements, the stock was purchased for $15,000 and $58,500 was advanced by Stewart to Blanning for exploration and development. However, in the summer of 1978, Stewart discovered that neither Blanning nor Park Tunnel owned the mining claims as represented at the time the agreements were executed, and he refused to extend additional funds for exploration and development until such time as the mining claims were properly titled in the name of Park Tunnel.

In March 1979, the title problems not having been resolved, Stewart filed suit alleging fraud in the inducement of the agreements and seeking to affirm the stock purchase agreement and to rescind the lease agreement. At the close of Stewart's case, the trial court, in granting the defendants' motion to compel election of remedies, required Stewart to either affirm both agreements and seek damages or rescind both agreements and seek restitution. In so doing, the trial court stated "[t]hat the two relationships [that of stockholder and that of lessee] ... are so inextricably intertwined that ... the plaintiff may not pursue two remedies which are at variance, notwithstanding either agreement that there is, number one, the stock agreement and number two, the lease agreement."

Pursuant to the trial court's ruling, Stewart elected to rescind the agreements. Defendants made an offer of judgment on the stock purchase agreement and tendered a check to the trial court for the amount paid for the stock plus interest. However, Stewart refused to accept the check in order to preserve his right to appeal the ruling requiring election in the event that his claim on the lease agreement failed, and no judgment was entered.

Election of remedies is a harsh doctrine which should not be unduly extended. *H & K Automotive Supply Co. v. Moore & Co.*, 657 P.2d 986 (Colo.App.1982); *Louis Cook Plumbing & Heating, Inc. v. Frank Briscol Co.*, 445 F.2d 1177 (10th Cir.1971). The purpose of the doctrine is to prevent double recovery by the innocent

party for the wrong done to him. *Trimble v. City & County of Denver*, 645 P.2d 279 (Colo.App.1981); *D. Dobbs, Remedies* 14 (1973). The doctrine is invoked where remedial rights sought in a given situation are so inconsistent that the assertion of one necessarily repudiates the assertion of the other. *Newland v. Holland*, 624 P.2d 933 (Colo.App.1981).

██ Although the trial court found that Stewart's contractual relationships with Blanning and Park Tunnel were "inextricably intertwined," it did not find that the two contemporaneous agreements were in fact one. Indeed, it referred to "deals" and "agreements" throughout the proceedings. Moreover, the record was devoid of any evidence which would sustain such a finding had it been made, nor does a mutual relationship between the agreements appear upon their face. *See Beckwith v. Talbot*, 2 Colo. 639 (1875).

Therefore, we conclude that the agreements are separate and distinct. Consequently, the assertion of varying remedies with respect to each does not result in double recovery; nor does the assertion of one result in repudiation of the assertion of the other. Moreover, the separate and distinct contractual rights, obligations, and relationships bestowed by the agreements cannot be vitiated by requiring Stewart to elect either to affirm or to rescind both agreements simply because his claims arise from the same factual occurrence, alleged fraudulent misrepresentation as to the ownership of the mining claims, and relate to the same subject matter, Park Tunnel. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

██ Although the trial court erred by requiring Stewart to seek the same remedial relief with respect to both agreements, we conclude that he is not entitled to a new trial with respect to the lease agreement. Recission was the relief requested by Stewart as to the lease agreement and this was fully and finally litigated below. Accordingly, the judgment with respect to the lease agreement is affirmed, the order re-quiring election of remedies is reversed, and the cause is remanded for trial on Stewart's claims regarding the stock purchase agreement with directions that Stewart be entitled to pursue any or all remedies available to him.

BERMAN and KELLY, JJ., concur.